sessor, who is the disbursing officer of the district. Debts of and claims against the district (like that indicated by this order,) are to be paid by orders drawn by the director upon the Assessor and countersigned by the Moderator. *C. L.*, Secs. 2272, 2275 and 2296.— These sections were in force when this question came up and the amendment of 1869, (p. 183, note.) renders the matter still more clear.

Judgment below reversed, and defendant in error to recover costs in all the courts.

<hr>

## THE PEOPLE *vs.* GAIGE.

Where a person injured a structure of plank, in the bank of a river in a place where the bank had been washed away by a freshet, such structure not extending across the river, or the natural current thereof, *Held*, that such person is not liable under the provisions of the statute, *C. L.*, § 5790, against injuring and distroying dams, reservoirs, canals, &c. The structure referred to is not to be treated as a dam within the meaning of this statute.

Error to Hillsdale Circuit.

*Opinion by* CAMPBELL, C. J·—This was an information against the defendant for a supposed offense against the provisions of section 5790 of the *Compiled Laws.* The section provides for the punishment of any person who shall wilfully and maliciously break down, injure remove or destroy any dam, reservoir, canal or trench, or any of the wheels or machinery of any mill, or shall wilfully or wantonly without color of right draw off the water contained in any mill pond, reservoir canal or trench. The information charged the defendant in different counts with having wilfully and maliciously broken down, injured removed and destroyed the dam of a certain water mill of one Luther Tyler, in the township of Scipio, and with having wantonly drawn off the water contained in the mill pond of a certain water mill in the possession of said Tyler in Scipio aforesaid.

The Circuit Judge returned that there was no evidence to sustain the latter charge, but a general verdict seems to have been found on all the counts. The bill of exceptions showed that counsel for the people gave evidence tending to show that defendant about October 11. 1869, injured a structure of plank, built in the bank upon the Kal-

amazoo River, in a place where the bank had been carried away by former freshets or inundations, and that the said structure was not erected across the channel. The defence requested the Court to charge the jury " that the jury cannot convict the defendant unless they find from the evidence that the structure of plank destroyed or injured was placed across the current of the original and natural current of the river, to obstruct or prevent the natural flow of the water and along said natural channel, and that they must acquit the defendant if they find from the evidence that such planks were placed in the bank of the river to retain and fill up an opening in such bank made by former freshets and inundations and to prevent the same results from future freshets or inundations." This was refused.

*Held,* That the request should have been given, as the structure indicated was not a dam within the meaning of the statute. This structure was simply built to repair a defect in the river bank, and it was not even a part of a dam. The verdict was set aside and a *nolle prosequi* ordered entered as to the defennant, as he was entitled to acquittal on all the counts.

---

## OLIVER H. P. GREEN *vs.* WILLIAM BROOKINS.

G induced B to subscribe for shares in a patent right, and to give his note for $500, under th promise that G would find a man to take the shares and pay the amount of the note therefor. G failed to find a party to take the shares. B paid the notes, with the knowledge of G, and brought suit against G. G contended that the promise was void, under the statute that declares that every special promise to answer for the debt, default, &c., of another shall be void unless in writing; and second that it was void under the provisions of the statute respecting the sale of goods for the price of $50 or more. *Held,* That the promise was not within either of these statutes. *Held also,* That though the payment of the note was voluntary, G's approval of such payment, was an admission that there was no defense to the note.

A general objection to the charge of the Court does not come within the rule requiring assignments of error to be special.

Error to Oakland Circuit.

*Opinion by* GRAVES, J.—Brookins sued Green to recover damages for breach of a verbal contract. The entire evidence was given