PEOPLE v. DAY.

EMBEZZLEMENT—EXECUTORS AND ADMINISTRATORS—CRIMINAL LAW —INFORMATION.

> An information charging the respondent with embezzlement under 3 Comp. Laws, § 11591 (5 How. Stat. [2d Ed.] § 14646), which relates to the conversion by an agent or clerk of money intrusted to him, was improperly filed against an executor of decedent's estate for embezzling funds which came into his hands by virtue of his office: if any offense was committed it should have been prosecuted under 3 Comp. Laws, § 11610 (5 How. Stat. [2d Ed.] § 14663), relating to embezzlement by executors and administrators.

Exceptions before sentence from the recorder's court of the city of Detroit; Phelan, J. Submitted January 21, 1915. (Docket No. 128.) Decided March 18, 1915.

Ebenezer Day was convicted of embezzlement. Reversed: respondent discharged.

*Grant Fellows*, Attorney General, *Allan H. Frazer*, Prosecuting Attorney, and *Paul W. Voorhies*, Assistant Prosecuting Attorney, for the people.

*John Galloway* and *Henry M. Du Bois*, for respondent.

STONE, J. An information against the respondent was filed in the recorder's court of the city of Detroit under the provisions of section 11591, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14646), the charge being in the following language:

"That Ebenezer Day, late of the city of Detroit in said county, heretofore, to wit, on the 9th day of January, A. D. 1912, at the city of Detroit, in the county aforesaid, being then and there an agent and clerk of Edwin Becker, not being then and there an apprentice, nor other person under the age of 16 years, did, by virtue of his said employment, then and there, and whilst he was agent and clerk as aforesaid, receive and take into his possession certain money, to a large amount, to the amount of five hundred and forty ($540.00) dollars, in lawful money of the United States of America, of the value of five hundred and forty ($540.00) dollars, of the property of the said Edwin Becker, and which said money came into the possession of said Ebenezer Day by virtue of said employment, and the said money then and there fraudulently and feloniously did embezzle and convert to his own use, without the consent of the said Edwin Becker; so the said Ebenezer Day, in manner and form aforesaid, the said money, the property of the said Edwin Becker, his employer, from the said Edwin Becker, feloniously did steal and carry away, contrary to the form of the statute in such case made and provided, and against," etc.

The plea was not guilty.

Upon the trial of the case the following facts appeared to be undisputed: That prior to the time of

the alleged embezzlement the respondent had been appointed, and had qualified, and was acting, as the executor of the last will and testament of one Anna M. Anscomb, deceased; that while acting as such executor said respondent had received from said Edwin Becker a sum of money as part payment for certain real estate which had been sold to said Becker by Mrs. Anscomb in her lifetime; that the only relation which the respondent ever sustained to the said Becker in the matter, or in the transaction, was that of executor as aforesaid; that as such executor he received the money in question; and that there was no evidence that respondent was the agent or clerk of the said Edwin Becker in said transaction, or dealings, or at any time, or that he had ever been in his employ.

At the close of all the testimony, respondent's counsel made a motion for a directed verdict in respondent's favor, and for his discharge, for the reasons that there was no evidence that respondent had in any way acted as the agent or clerk of said Becker, or been in his employ so as to bring the case within the general statute covering embezzlement by an agent or clerk; and that, if there was any case against the respondent under the evidence, it should have been brought and prosecuted under section 11610, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14663), being

"An act to define and punish the offense of embezzlement by general and special administrators, executors or guardians."

The motion was denied, and exception duly taken.

Respondent's counsel also requested the court to charge the jury that under the evidence in the case the respondent was entitled to a verdict of not guilty of the charge, which request was refused. The case was submitted to the jury, and in the course of the charge the following occurred:

"*The Court:* Is there anything further you want to have charged, Mr. Galloway?

"*Mr. Galloway:* All I have to say is this: You stated to the jury that they must find he was the agent. The converse of that would be that, if he was not the agent, what would be his position? He says himself he was not such, and Becker says he was not.

"*The Court:* The people charge the respondent, gentlemen of the jury, with the receiving of five hundred and forty dollars belonging to Mr. Becker, which he misappropriated; that at the time this money came into his hands he conceived the felonious intent of converting it to his own use. That is the theory of the people, and that is what is alleged in the information. Now you are to determine the truth or falsity of that charge from all the evidence under the instructions I have given you."

The trial resulted in a verdict of guilty, and the case is here upon exceptions before sentence.

The eighth assignment of error is to the effect that the court erred in not granting respondent's motion, made at the conclusion of the trial, for his discharge, under the evidence as therein given. The thirteenth assignment is that the court erred in not directing a verdict in the case as requested by the respondent. The fourteenth assignment of error is that the court erred in using the language in the charge above quoted after its attention was called to the material question of agency, by respondent's counsel. We are of the opinion that the respondent was prosecuted and convicted under the wrong statute, and that the proceeding amounted to a mistrial. There was no evidence that the respondent was the agent or clerk of the said Becker, or that he was ever in his employ, and the jury should have been so instructed. If the respondent was guilty of any offense, he should have been prosecuted under section 11610, 3 Comp. Laws. *People* v. *Gaige*, 23 Mich. 93; *People* v. *Chappell*, 27 Mich. 486; *People* v. *Peterson*, 166 Mich. 10 (131 N. W. 153).

For the errors indicated, the conviction is reversed and set aside, and the respondent discharged.

BROOKE, C. J., and MCALVAY, KUHN, OSTRANDER, BIRD, and STEERE, JJ., concurred. MOORE, J., did not sit.