## PEOPLE *v.* PICKETT

1. CRIMINAL LAW—OBTAINING MONEY BY FALSE PRETENSES—FALSE EMPLOYMENT APPLICATION.

   Conviction of the crime of obtaining money by false pretenses must be set aside and defendant discharged, since the crime committed was obtaining a job, and not money, by false pretenses, where defendant in applying for a teaching position misrepresented his identity and criminal record and as a result was engaged and paid for his services as a teacher (CLS 1961, § 750.218).

2. SAME—OBTAINING MONEY BY FALSE PRETENSES—EVIDENCE—SUFFICIENCY.

   A person cannot be convicted of obtaining money by false pretenses for services rendered over an indefinite and possibly prolonged period of time unless the information charges and the proofs show that the accused person actually misrepresented the quality of the services that could be rendered (CLS 1961, § 750.218).

Appeal from Recorder's Court of Detroit, De-Mascio (Robert E.), J. Submitted Division 1 June 13, 1968, at Detroit. (Docket No. 3,889.) Decided December 20, 1968.

Andrei Pickett was convicted of obtaining money by false pretenses. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 32 Am Jur 2d, False Pretenses § 22 *et seq.*
   False statement as to matter of record as false pretense within criminal statute. 56 ALR 1217.

pellate Lawyer, and *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*Bell, Simmons, Gragg & Coon,* for defendant.

PER CURIAM. Andrei Pickett appeals his conviction of obtaining money by false pretenses. CLS 1961, § 750.218 (Stat Ann 1962 Rev § 28.415). The information charged that Pickett fraudulently obtained $8,897.55 from the Detroit board of education. The false pretenses by which he was alleged to have accomplished the fraud charged in the information were representations on his application for employment that (a) he had never been convicted of crime, when in fact he had a criminal record, and (b) he was one Jacob Cook who had the academic qualifications to teach in Detroit public schools, when in fact he was not Cook but the defendant Andrei Pickett who lacked such qualifications.[1]

The people's evidence showed that the defendant applied to the board of education for a teaching job on October 4, 1964, and at that time made the representations charged to him and that such representations were false. After evaluating a general intelligence and aptitude test score, personal interviews and other reports, the board of education hired Pickett on October 13, 1964. He performed services during the following periods for the remuneration indicated:

| | |
|---|---|
| October 13, 1964—March 1, 1965 | $2,893.17 |
| April 1, 1965—September 30, 1965 | 2,814.38 |
| October 1, 1965—March 4, 1966 | 3,190.00 |
| | $8,897.55 |

---

[1] In addition to the other deficiencies in the people's case hereinafter pointed out, we note that there is no evidence in the record that Pickett did not have Cook's qualifications or the academic qualifications to teach in the Detroit public schools.

It thus appears that the board of education paid
Pickett $8,897.55 for services rendered by him over
an extended period of time. We understand the
people's position to be that Picket committed an
offense punishable under the cited section of the
Michigan penal code every payday when he accepted
a paycheck for work done during the preceding
payroll period.

The information can be read as charging the
defendant with

I. Misrepresentation concerning his identity and
criminal record;

or, alternatively or additionally,

II. Misrepresenting that he was capable of performing services of the quality Jacob Cook could
perform.

## I.

If the basis of the charge was misrepresentation
concerning identity and criminal record, in our opinion the crime alleged was committed, if at all, when
the defendant obtained the job and no further crime
was committed when he actually went to work and
was paid therefor. The chain of causation contemplated by the statute was broken when the board
first acted, that is, when the defendant obtained the
job he was seeking. He did not commit a crime
every payday when he accepted a check for services
rendered during the payroll period.

Had the defendant been charged with obtaining
a job by false pretenses and if a job is, to use
the statutory language, an "other valuable thing,"
then the defendant might have been convicted under
this section of the penal code on that account. The
defendant was not, however, charged with having
obtained a job by false pretenses. He was charged
with having obtained money by false pretenses.

## II.

Where it is claimed that the accused person has obtained money by false pretenses for services rendered over an indefinite and possibly prolonged period of time, the information must charge and the proofs must show that the accused person falsely represented the quality of the services that could be rendered.

Even if the information in this case could properly be read as charging that the defendant represented that he was capable of performing services of the quality that could be rendered by one who had not been convicted of the crime of which he was allegedly convicted and who had the qualifications that Jacob Cook had, there was no proof that the defendant was incapable of rendering services of that quality or that he did not have Cook's qualifications or that the services rendered by him were not of the quality which in this hypothesis the defendant represented he could render.

After he was hired by the Detroit board of education, the defendant taught English and journalism at a junior high school. The principal of the school, the head of the English department in that school, and the city-wide supervisor of secondary English all testified that the defendant's services were satisfactory. There was no evidence that the defendant was incapable of rendering services of the quality the board of education had a right to expect of one having the qualifications represented or that services of that quality were not, in fact, rendered by the defendant.

The conviction and sentence of the defendant are set aside and he is discharged.

T. G. KAVANAGH, P. J., and LEVIN and NEWBLATT, JJ., concurred.