## PEOPLE v HEBER

1. EMBEZZLEMENT—TRUSTEES—ADMINISTRATORS.

An administrator of an estate may be prosecuted under the statute defining embezzlement by a trustee because an administrator is charged, as a matter of law, with the fiduciary duties of a trustee (MCLA 750.174).

2. EMBEZZLEMENT—TRUSTEES—ADMINISTRATORS.

Prosecution of defendant under the statute defining embezzlement by a trustee was proper where defendant was appointed administrator of a decedent's estate at the behest of the only heir and the property which he converted came into his hands by virtue of the trust relationship which led to defendant's initial appointment as administrator (MCLA 750.174).

3. EMBEZZLEMENT—ELEMENTS OF CRIME—TRUSTEES—ADMINISTRATORS.

Fraudulent conversion and secretion of funds are required elements under the statute defining embezzlement by a trustee while the statute relating to administrators, which punishes wilful appropriation of property, deemed to be embezzlement, should be viewed as a method of enforcement of probate court orders designed to remedy errors in estate administration, absent fraudulent intent (MCLA 750.174, 750.176).

4. EMBEZZLEMENT—TRUSTEES—ADMINISTRATORS.

Prosecutors have the right to choose under which of two possible applicable statutes a prosecution shall be instituted; thus, where defendant, as administrator of decedent's estate, embezzled estate assets, the prosecutor could prosecute defendant under the statute defining embezzlement by a trustee rather than under the statute governing embezzlement by a court-appointed administrator (MCLA 750.174, 750.176).

REFERENCES FOR POINTS IN HEADNOTES

[1; 2] 26 Am Jur 2d, Embezzlement § 31.

[3] 26 Am Jur 2d, Embezzlement § 8 *et seq.*

[4] 63 Am Jur 2d, Prosecuting Attorneys § 25 *et seq.*

Appeal from Oakland, William P. Hampton, J. Submitted Division 2 June 21, 1972, at Lansing. (Docket No. 12561.) Decided August 30, 1972.

Malcolm Heber was convicted of embezzlement. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *William G. Wolfram,* Assistant Prosecuting Attorney, for the people.

*Goodman, Eden, Millender, Goodman & Bedrosian,* for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and T. M. BURNS, JJ.

HOLBROOK, P. J. Defendant Malcolm Heber was convicted by a judge, sitting without a jury, of embezzlement, MCLA 750.174; MSA 28.371.

At trial, the prosecution's evidence showed Edwina Patzkowsky, a long-time friend of the defendant, hired defendant sometime in December, 1965 to represent her interest in her brother's estate. This witness acknowledged her signature on a petition for probate of the will, but since she lived in St. Joseph, Michigan, and "thought it [the estate] would be easier to be handled" in Oakland County, she recommended and acquiesced in the appointment of defendant as administrator of the estate. She stated she "had faith and trust that Mr. Heber would take care of it". She testified that as of 1971 she received approximately $13,000 from the estate, that during the interim she sent letters to defendant inquiring as to the status of the estate, but never received a satisfactory reply

and as a result, hired another attorney to look into the matter in March, 1970.

The investigation resulted in the production of exhibits from the probate court file regarding the estate of Edmund R. Newbecker, among which appeared an order determining Edwina Patzkowsky to be the sole heir and appointing defendant administrator with will annexed, an "inventory of Administrator with Will Annexed", listing 1800 shares of General Motors Stock valued at $182,700 and dated November 28, 1966, the "First and Final Account of Special Administrator" showing 1800 shares of General Motors stock, also dated November 28, 1966, and the "Account of Administrator" listing 1800 shares of GM stock dated November 15, 1968.

A representative from a brokerage firm testified as to the opening of an account by defendant for the estate of Edmund R. Newbecker and the depletion of that account due to sales of lots of General Motors stock made at defendant's request from a period between February 23, 1967 and September 6, 1968 which resulted in payment to defendant as administrator of approximately $140,000.

A handwriting expert testified that of 31 checks he received for analysis, 24 items drawn on the bank account of the Newbecker Estate, and made payable to defendant individually were drafted by defendant as administrator and a portion was shown to have been individually indorsed by him as payee.

At the close of the prosecution's case, defendant moved for directed verdict, the motion was denied, final argument ensued, and the trial judge found defendant guilty as charged in the information.

On appeal, defendant contests the denial of the motion for directed verdict by the trial court.

Unequivocal evidence on the record indicates that defendant's alleged criminal activities took place while he served in the capacity of administrator of the estate of Edmund Newbecker.

MCLA 750.174; MSA 28.371, in its present form defines *inter alia* the crime of embezzlement by a "trustee" and appears as follows:

"Any person who as the agent, servant or employee of another, or as the trustee, bailee or custodian of the property of another, or of any partnership, voluntary association, public or private corporation, or of this state, or of any county, city, village, township or school district within this state, shall fraudulently dispose of or convert to his own use, or take or secrete with intent to convert to his own use without the consent of his principal, any money or other personal property of his principal which shall have come to his possession or shall be under his charge or control by virtue of his being such agent, servant, employee, trustee, bailee or custodian, as aforesaid, shall be guilty of the crime of embezzlement, and upon conviction thereof, if the money or personal property so embezzled shall be of the value of $100.00 or under, shall be guilty of a misdemeanor; if the money or personal property so embezzled be of the value of more than $100.00, such person shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years or by a fine not exceeding $5,000.00.

"In any prosecution under this section, the failure, neglect or refusal of such agent, servant, employee, trustee, bailee or custodian to pay, deliver, or refund to his principal such money or property entrusted to his care upon demand shall be prima facie proof of intent to embezzle."

The statute, MCLA 750.176; MSA 28.373, under which defendant asserts the people were required to proceed, is as follows:

"Any general or special administrator or any execu-

tor or guardian, who has been appointed by a judge of probate and who has collected any goods, chattels, money or effects of the deceased or ward, and who has wilfully appropriated the same to his own use and who has been ordered by the judge of probate forthwith to deliver to his successor in trust, ward or any person lawfully entitled thereto, all the goods, chattels, money or effects of the deceased or ward in his hands, and who shall wilfully omit, neglect or refuse for 60 days to obey said orders, shall be deemed to have committed the crime of embezzlement, and shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 10 years, or by fine not more than 5,000 dollars: Provided, That in case such order shall be appealed from, said period of 60 days shall be reckoned from the affirmance of the order in the circuit or supreme court."

I.

Does defendant stand lawfully convicted of embezzlement as a trustee even when the acts complained of occurred while he was an administrator of a decedent's estate?

There appears to be no question of fact remaining in this case. At trial, defense counsel called no witnesses, but argued instead that the prosecution was brought under the wrong statute. Defendant's brief on appeal also suggests no issue of fact remains, only an issue of law.

Defendant's argument briefly stated seems to be as follows: (a) While defendant may have converted money from an estate, he did so not as a trustee, but as an administrator; (b) The only way to prosecute an administrator of an estate is through MCLA 750.176; therefore, since defendant was prosecuted and convicted under MCLA 750.174, his conviction must be reversed.

The prosecution contends the first premise of defendant's argument is totally false; the second

premise may have been true in 1915, but most assuredly is not true now; and that defendant now stands lawfully convicted.

Defendant claims he was an administrator, not a testamentary trustee. The prosecution asserts that it never contended defendant to be a testamentary trustee, but that by assuming his position as administrator of the Newbecker Estate, as a matter of law, he was charged with the fiduciary duties of a trustee, in the commonly accepted meaning of the term. As stated in *Reconstruction Finance Corp v Lee,* 290 Mich 328, 331 (1939):

"It is *elementary* that an administrator or executor sustains *a trust relation to the heirs,* legatees and devisees, and to the creditors of the estate of a deceased person." (Emphasis supplied.)

It is clear from the facts of this case that defendant was sought out by the only heir of the estate, was appointed administrator by the probate court at her behest, and the property in question came into his hands out of a trust relationship. One of the fundamental considerations in the appointment of an administrator by a court of probate is the fact that a person in that position discharges a trust. *In re Abramovitz' Estate,* 278 Mich 271, 275 (1936). It is also clear that, by operation of law, defendant by undertaking a position as administrator, also became a trustee. That trust relation was shown to have been breached; proceeds from the sale of stock in the decedent's estate, money which eventually should have gone to the estate's only heir, was instead diverted to defendant, all without the consent of either the probate court or the heir. That conversion was accomplished by virtue of a trust relationship which led to defendant's initial appointment as administrator.

It cannot be said the trial court's finding that defendant occupied the trust relationship contemplated in MCLA 750.174 was clearly erroneous.

The prosecution in its brief admits that had this case been prosecuted before 1929 defendant's argument would be tenable. The authority in support of defendant's present position has been changed by legislative amendment.

Prior to 1929, and around the time *People v Day,* 185 Mich 68 (1915), was decided, the predecessor of MCLA 750.174; MSA 28.371 read, in pertinent part, as follows:

"If any * * * agent, clerk, servant, employee or lessee of any * * * private person * * * who, in any manner, receives or collects money or other property for the use of and belonging to another, embezzles or fraudulently converts to his own use, or takes and secretes with intent to embezzle and convert to his own use without the consent of his employers, master, or the owner [of the property] * * * he shall be deemed to have committed larceny." 1897 CL 11591 (5 How Stat [2d] 14646).

Parallel to the above statute was the act punishing embezzlement by administrators, in substance as it exists today.[1]

In *People v Day, supra,* the information charged defendant, an administrator of an estate, as being the *agent* or *clerk* of a *debtor* of the estate and complained that he embezzled funds coming from the debtor to the estate. Because there was no evidence to support a finding that the administrator was the *agent* or *clerk* of the debtor of the estate, the court reasoned that the appropriate offense should have been drawn under the act relating to administrators. The language in that case fails to indicate that an administrator cannot

[1] 1889 PA 208.

be charged and lawfully convicted under MCLA 750.174, which *now* provides that *trustees* of the property of another who embezzle that property are within its purview.[2]

The statement made in 3 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1326, p 1750, cites the case of *People v Day, supra,* as supporting authority. The subject statute having been amended to include "trustees" makes the statement in Gillespie and *People v Day, supra,* inapplicable to the instant case.

The embezzlement act relating to administrators should be viewed as a method of enforcement of probate court orders designed to remedy errors in estate administration that occur absent fraudulent intent. In this regard it should be noted that MCLA 750.176 punishes wilful appropriation of property, and deems such acts to be embezzlement. There is a substantial difference in terms with MCLA 750.174 which requires as *elements,* the fraudulent conversion and secretion of funds.

We find that the people could have proceeded under either embezzlement statute. Prosecutors have the right to choose under which of two possible applicable statutes a prosecution shall be instituted. *People v Lombardo,* 301 Mich 451, 453 (1942); *People v Graves,* 31 Mich App 635, 636 (1971).

After a careful review of the entire record, we determine that the trial court was justified in finding defendant guilty of the offense charged beyond a reasonable doubt.

Affirmed.

All concurred.

---

[2] The addition of the words "trustee" to the present statute first appears in 1927 PA 48; 1929 CL 16980, where the prohibition in question was substantially revised to correspond to its present form.