PEOPLE v ROBINSON

Docket No. 44753. Submitted February 5, 1980, at Lansing.—Decided May 19, 1980.

Janet M. Robinson was charged with larceny over $100 by false pretenses. Evidence produced at the preliminary hearing indicated that defendant obtained nine unemployment benefit checks when she was employed. To obtain each of the nine checks, eight for $84 and one for $63, she had to swear falsely that she was not employed. When she first had applied for benefits she was unemployed, and only after having rightfully received benefits did she become employed. Over defendant's objection that she should have been charged under the penalty section of the Employment Security Act she was bound over to the Washtenaw Circuit Court on the larceny charge. Defendant moved to quash the information on that basis and for the reason that the aggregation of the checks to meet the "over $100" requirement was improper. The court, Henry T. Conlin, J., held that the aggregation was improper and granted the motion. The people appeal. *Held:*

1. A prosecuting attorney has broad discretion in determining under which of two possible applicable statutes a prosecution shall be instituted. However, that discretion is not unlimited. A defendant must be charged under the more specific statute where two statutes prohibit the same conduct. Where the two statutes require different elements of proof, the prosecutor may, if the facts fit both, choose which to charge, so long as he doesn't overcharge. The penalties prescribed in the Employment Security Act are not exclusive and it is not improper, where the facts fit both, for a prosecutor to charge under the statute prohibiting, generally, larceny by false pretenses rather than the crime proscribed by the Employment Security Act.

2. The test for whether separate acts constitute a single

References for Points in Headnotes

[1] 63 Am Jur 2d, Prosecuting Attorneys §§ 25, 26.

[2, 3] 41 Am Jur 2d, Indictments and Informations § 226 *et seq.*

[4, 5] 21 Am Jur 2d, Criminal Law §§ 8, 183.

50 Am Jur 2d, Larceny § 4.

Series of takings over a period of time as involving single or separate larcenies. 53 ALR3d 398.

crime or multiple crimes is whether the acts occurred in a continuous time sequence and displayed a single intent and goal. The facts here do not indicate a single intent or goal in a continuous time sequence.

Affirmed.

1. CRIMINAL LAW — PROSECUTORS — DISCRETION — INSTITUTING CHARGES.

A prosecuting attorney has broad discretion in determining under which of two possible applicable statutes a prosecution shall be instituted; however, that discretion is not unlimited.

2. CRIMINAL LAW — PROSECUTORS — DISCRETION — STATUTES — INSTITUTING CHARGES.

A defendant must be charged under the more specific statute where two statutes prohibit the same conduct; where the two statutes require different elements of proof, the prosecutor may, if the facts fit both, choose which to charge, so long as he doesn't overcharge.

3. FALSE PRETENSES — STATUTES — PROSECUTORS — DISCRETION — INSTITUTING CHARGES.

The penalties prescribed in the Employment Security Act are not exclusive and it is not improper, where the facts fit both, for a prosecutor to charge under the statute prohibiting, generally, larceny by false pretenses rather than the crime proscribed by the Employment Security Act (MCL 421.54[b], 750.218; MSA 17.558[b], 28.415).

4. FALSE PRETENSES — AGGREGATION.

It was improper to charge larceny over $100 by false pretenses where the defendant was issued unemployment checks aggregating over $100 but none was over $100 by itself and where each check was issued only upon a false statement that she was unemployed.

5. CRIMINAL LAW — SINGLE TRANSACTION TEST.

The test for whether separate acts constitute a single crime or multiple crimes is whether the acts occurred in a continuous time sequence and displayed a single intent and goal.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Randall C. Roberts,* Assistant Prosecuting Attorney, for the people.

*V. Carl Shaner,* Public Defender, and *Don Ferris,* Senior Assistant Public Defender, for defendant.

Before: Cynar, P.J., and V. J. Brennan and M. F. Cavanagh, JJ.

V. J. Brennan, J. On October 19, 1978, defendant was charged with larceny by false pretenses over $100, MCL 750.218; MSA 28.415. Over defense counsel's objections that defendant should have been charged under the penalty section of the Employment Security Act, MCL 421.54(b); MSA 17.558(b), defendant was bound over as charged to the circuit court. In circuit court, defendant moved Judge Conlin to quash the information on two grounds: (1) the district court judge abused his discretion in binding over the defendant on the false pretenses charge since there is a more specific penalty provided for in the Employment Security Act which covers the same subject matter as the false pretenses statute; and (2) assuming, *arguendo,* that false pretenses is a proper charge, the district court judge abused his discretion when he merged nine distinct and separate transactions in order to reach the $100 figure necessary for the felony charge. The circuit judge did not address whether defendant was bound over on the wrong charge but did find that the district court judge abused his discretion in merging the nine transactions together and dismissed the felony charge against defendant.

The people appeal from the circuit court's dismissal of the felony charge.

The relevant facts are not in dispute. The charges arose out of defendant's continued misrepresentation of herself as unemployed and her receipt of unemployment benefits while in fact she

was employed as a salesperson by the Dayton Hudson Corporation. Ms. Claretha Seed, a MESC certifier of claimants for unemployment benefits, testified at the preliminary examination that according to MESC's ledger cards, the defendant was given unemployment benefit checks from June 1, 1977, through September 1, 1977. Ms. Janet Hayes testified that she personally worked with the defendant at a Hudson store from June 1, 1977. And Carolyn Walters, a Hudson's payroll clerk, corroborated Ms. Hayes' testimony that defendant was employed there from the week ending May 21, 1977, through the end of August, 1977, in addition to the third week in September, 1977.

The people make two arguments on appeal. First they claim that it was neither an abuse of prosecutorial discretion nor a violation of the general rules of statutory construction to charge defendant under the general false pretenses statute[1] rather than the Employment Security Act.[2]

The prosecutor has broad discretion in determining under which of two possible applicable statutes a prosecution shall be initiated. *People v Heber,* 42 Mich App 582, 589; 202 NW2d 571 (1972), *People v Lombardo,* 301 Mich 451, 453; 3 NW2d 839 (1942), *People v Thrine,* 218 Mich 687; 188 NW 405 (1922). Prosecutorial discretion is not, however, unlimited. *People v LaRose,* 87 Mich App 298, 302; 274 NW2d 45 (1978), *People v Birmingham,* 13 Mich App 402, 406-407; 164 NW2d 561 (1968). Where a claim of abuse of prosecutorial discretion in charging is made, it is necessary to distinguish between cases where two possible applicable statutes prohibit the same conduct and those cases where the statutory crimes are distinct. Where two possible applicable

---

[1] MCL 750.218; MSA 28.415.

[2] MCL 421.54(b); MSA 17.558(b).

statutes prohibit the same conduct, the defendant must be charged with the more specific, most recently enacted statute. *People v LaRose, supra.*

The false pretense statute, MCL 750.218; MSA 28.415 provides:

"Sec. 218. Any person who, with intent to defraud or cheat, shall designedly, by color of any false token or writing or by any false or bogus check or other written, printed or engraved instrument, by spurious coin or metal in the similitude of coin, or by any other false pretense, cause any person to grant, convey, assign, demise, lease or mortgage any land or interest in land, or obtain the signature of any person to any written instrument, the making whereof would be punishable as forgery, or obtain from any person any money or personal property or the use of any instrument, facility or article or other valuable thing or service, or by means of any false weights or measures obtain a larger amount or quantity of property than was bargained for, or by means of any false weights or measures sell or dispose of a less amount or quantity of property than was bargained for, if such land or interest in land, money, personal property, use of such instrument, facility or article, valuable thing, service, larger amount obtained or less amount disposed of, shall be of the value of $100.00 or less, shall be guilty of a misdemeanor; and if such land, interest in land, money, personal property, use of such instrument,. facility or article, valuable thing, service, larger amount obtained or less amount disposed of shall be of the value of more than $100.00, such person shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years or by a fine of not more than $5,000.00."

And the penalty section of the Employment Security Act, MCL 421.54(b); MSA 17.558(b) states:

"(b) Any employing unit or an officer or agent of an employing unit or any other person who makes a false

statement or representation knowing it to be false, or knowingly and wilfully with intent to defraud fails to disclose a material fact, to obtain or increase a benefit or other payment under this act or under the unemployment compensation law of any state or of the federal government, either for himself or any other person, to prevent or reduce the payment of benefits to an individual entitled thereto or to avoid becoming or remaining a subject employer, or to avoid or reduce a contribution or other payment required from an employing unit under this act or under the unemployment compensation law of any state or of the federal government shall be deemed guilty of a misdemeanor, notwithstanding any other penalties imposed under this act or any other statute of this state or of the United States, and upon conviction thereof shall be punished by imprisonment in the county jail for not more than 90 days or by a fine of not more than $100.00, or by both such fine and imprisonment."

The people argue that since the two crimes are distinct the prosecutor did not abuse his discretion in electing to charge the felony. Section 54 of the Employment Security Act is directed at the making of a false statement with an intent to defraud to obtain or increase a benefit by a person charged with violating the act. The general false pretenses statute, however, includes a false pretense and an intent to defraud in addition to the elements of reliance on the false pretense, and resulting injury, *i.e.,* the fraud accomplished. *Attorney General v Recorder's Court Judge,* 92 Mich App 42; 285 NW2d 53 (1979). *People v Wilde,* 42 Mich App 514, 517; 202 NW2d 542 (1972), *People v Wakely,* 62 Mich 297; 28 NW 871 (1886). Crimes can be distinguished by the different elements of proof required, *People v LaRose, supra, People v Graves,* 31 Mich App 635; 188 NW2d 87 (1971). Accordingly, since the general false pretenses statute prohibits conduct distinct from that proscribed by

§ 54 of the Employment Security Act, the prosecutor can, where the facts fit both, choose which to charge, so long as he doesn't overcharge. *People v Carmichael*, 86 Mich App 418, 422; 272 NW2d 667 (1978). *People v Feldman*, 87 Mich App 157, 161; 274 NW2d 1 (1978).

The defendant argues, however, that the instant case should be governed by *People v LaRose, supra.* In *LaRose* defendant presented an insufficient funds check to a bank in the amount of $150, and pled guilty to obtaining money in an amount over $100 by false pretenses with intent to defraud. MCL 750.218; MSA 28.415. The gist of defendant's argument is that the insufficient funds statute, MCL 750.218; MSA 28.415, is analogous to § 54 of the Employment Security Act since it only requires intent to defraud by false pretenses and not the additional elements of reliance and injury. Despite the fact that the false pretenses statute includes elements not found within the insufficient funds statute, the *LaRose* Court found that the defendant should have been charged under the latter.

We disagree. The *LaRose* Court based its conclusion in large part on the intent of the Legislature.

"It was clearly the Legislature's intent, in enacting the insufficient funds statute, to carve out an exception to the false pretenses statute and to provide for a lesser penalty for the particular type of false pretense involved in presentation of an insufficient funds check." 87 Mich App 298, 304.

See also *People v Richard Ford*, 95 Mich App 412; 291 NW2d 60 (1980). We do not find that legislative intent evidenced here.

While the title to the Employment Security Act states that a purpose of the act is to provide

penalties for violations of the act, unlike *LaRose,* there is no indication that the penalties set forth within are to be exclusive. In fact, §§ 54 and 62(b)[3] both clearly imply that violators of the act may be charged under other criminal statutes. Thus, given such a clear expression of the legislative intent that the penalties prescribed within the Employment Security Act are not to be exclusive, defendant's reliance upon *LaRose* is inapposite.

As to the second issue, however, we find the charge of larceny by false pretenses over $100 defective on other grounds. In order to be so charged it must be shown that property with a value of over $100 was taken. According to MESC records, defendant received a separate benefits check commencing June 1, 1977, every two weeks until September 21, 1977. Defendant was issued nine separate checks, eight in the amount of $84 and one in the amount of $63. In his finding of facts, the district court judge aggregated the amount of these checks in order to reach "the over $100" limit of the statute.

---

[3] Section 62(b) of the Employment Security Act states:

"(b) If the commission determines that a person has intentionally made a false statement or misrepresentation or has concealed material information to obtain benefits, whether or not the person obtains benefits by or because of the intentional false statement, misrepresentation, or concealment of material information the person shall, in addition to any other applicable penalties, have all of his or her uncharged credit weeks with respect to the benefit year in which the act occurred canceled as of the date the commission receives notice of, or initiates investigation of, possible false statement, or misrepresentation or concealment of material information whichever date is earlier. The person shall thereafter suffer a penalty disqualification of the first 6 weeks for which benefits would otherwise be payable for any week within 52 weeks following his completion of restitution required under subsection (a) and in addition the person's maximum amount of benefits as provided in section 27(d) shall be reduced by an equivalent number of penalty disqualification weeks. *The penalty disqualification does not apply to an individual who has been convicted under section 54 or any other criminal statute if prosecution thereunder was based upon a violation of the provisions of this act.*" (Emphasis added.) MCL 421.62(b); MSA 17.566(b).

The prosecution contends that since all the crimes occurred within a six-month period, June 1, 1977, to September 21, 1977, under the authority of MCL 767.60; MSA 28.1000,[4] the money taken could be aggregated to reach the sum of $100. This contention is without merit. The six-month rule of MCL 767.60 has typically been interpreted and applied as relating to the due process notice due defendant as to the date of his wrongdoing. *People v Jakiel,* 92 Mich App 754; 285 NW2d 448 (1979), *People v Breckenridge,* 81 Mich App 6; 263 NW2d 922 (1978), *People v McLendon,* 51 Mich App 543; 215 NW2d 742 (1974), and is not applicable to the instant case.

The people also contend that defendant had a continuing contractual relationship with the MESC from the time she first applied for benefits. Even if a person receiving unemployment benefits can be said to have a contractual relationship with the MESC, the record shows that when the defendant first applied she was entitled to the unemployment benefits she received. Thus, *People v Pickett,* 15 Mich App 1; 166 NW2d 24 (1968), relied on by the prosecutor, is distinguishable on its facts. In *Pickett,* the defendant's false pretense

---

[4] MCL 767.60; MSA 28.1000 provides:

"In any prosecution for the offenses of embezzlement, larceny, larceny by conversion, or obtaining money or property by false pretenses under the statutes of this state, it shall be sufficient to allege generally in the information or indictment the embezzlement, larceny, larceny by conversion or obtaining by false pretenses of personal property to a certain amount without specifying the particulars of such embezzlement, larceny, larceny by conversion or obtaining by false pretenses, and on the trial evidence may be given of any such embezzlement, larceny, larceny by conversion or obtaining money or property by false pretenses within six [6] months next after the time stated in the information or indictment, and it shall be sufficient to maintain the charge in the information or indictment and shall not be deemed at variance if it shall be proved that any personal property was fraudulently embezzled, stolen or obtained by false pretenses within the said period of six [6] months."

was accomplished when he applied for employment with the Detroit Board of Education and falsely represented that he had never been convicted of a crime and that he was one Jacob Cook. In the instant case, defendant's first false statement was not made until after she began working for the Dayton Hudson Corporation.

Defendant, however, argues that the same transaction test should be utilized in determining whether the nine individual checks issued to the defendant were properly aggregated to meet the "over $100" requirement. The crux of the "same transaction" test, usually applied to insulate a defendant from the perils of double jeopardy, is whether the series of acts were in a continuous time sequence and displayed a single intent and goal. *Crampton v 54-A Dist Judge,* 397 Mich 489; 245 NW2d 28 (1976), *People v White,* 390 Mich 245; 212 NW2d 222 (1973).

Although Michigan appellate courts have not previously addressed this question, we are not without guidance in determining the merits of defendant's argument. In *People v Johnson,* 81 Mich 573; 45 NW 1119 (1890), the Court found that defendant was properly charged with one count of larceny over $50 where he stole property valued at $24.50 from one man and property valued at $26.50 from another. The Court stated, "[a] single offense of larceny may be charged in one count, where the articles stolen are of different values, and belong to different owners. The criterion is, was the larceny one act, committed at one time and place?" 81 Mich 573, 576.

We are of the opinion that in the instant case defendant's individual and separate acts did not meet the criterion of the same transaction test, *viz.,* occurring in a continuous time sequence and

displaying a single intent and goal. Initially, we note that there was a two-week interval between each of defendant's nine larcenies. Furthermore, as each act necessitated an additional false statement, they were not the result of a single intent and goal. Every two weeks, defendant had to make another false statement in order to get an additional separate and distinct benefits check. Since defendant could only receive another check after falsely swearing anew that she had not worked and thus was still eligible for unemployment benefits, each of the misrepresentations was distinct and separate.

We affirm the circuit court's dismissal of the charge.