PEOPLE v McCLAIN

Docket No. 52832. Submitted February 17, 1981, at Detroit.—Decided
   April 9, 1981.

   William L. McClain pled guilty to breaking and entering an
   unoccupied dwelling place, Monroe Circuit Court, Daniel L.
   Sullivan, J. He appeals, alleging that his plea was based on an
   illusory bargain in that the prosecutor initially overcharged
   him. *Held:*

      The factual basis for defendant's guilty plea was not inade-
   quate. The prosecutor properly exercised his discretion in deter-
   mining under which statute to charge defendant.

      Affirmed.

1. PROSECUTING ATTORNEYS — CRIMINAL LAW — PROSECUTORIAL DIS-
      CRETION — APPEAL — STATUTES.

   A prosecutor has broad discretion in determining under which of
   two possibly applicable statutes a defendant will be charged,
   and where a claim of abuse of such discretion is levied on
   appeal a court must distinguish between cases where the
   statutes involved proscribe the same conduct and those cases
   where the statutory crimes are distinct.

2. PROSECUTING ATTORNEYS — CRIMINAL LAW — PROSECUTORIAL DIS-
      CRETION — STATUTES.

   A prosecutor has the discretion to charge a defendant under one
   of two statutes proscribing the same conduct where each re-
   quires different elements of proof supported by the facts, pro-
   vided he does not overcharge.

3. CRIMINAL LAW — BREAKING AND ENTERING — WORDS AND PHRASES
      — OCCUPIED DWELLINGS — PROSECUTING ATTORNEYS — STAT-
      UTES.

   A residence need not be occupied in fact to constitute an occupied
   dwelling within the meaning of the breaking and entering

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 63 Am Jur 2d, Prosecuting Attorneys § 25 *et seq.*
[3] 13 Am Jur 2d, Burglary §§ 3, 4.
[4] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

statute; a prosecutor need only show that the residence was habitually used as a place of abode at the time of a robbery, and the fact that an owner was temporarily absent, even for several days, does not necessarily prohibit a finding that the residence was occupied (MCL 750.110; MSA 28.305).

4. CRIMINAL LAW — GUILTY PLEAS — INFERENCES.

A factual basis for acceptance of a plea of guilty exists where an inculpatory inference reasonably could be drawn by a jury from facts admitted by a defendant even where an exculpatory inference also could be drawn and the defendant asserts that the exculpatory inference is correct.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael W. LeBeau,* Prosecuting Attorney, and *William D. Bond,* Assistant Prosecuting Attorney, for the people.

*Lynn Chard,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. C. RILEY, P.J., and BASHARA and MAC-KENZIE, JJ.

BASHARA, J. Defendant was charged with breaking and entering an occupied dwelling place, MCL 750.110; MSA 28.305. Pursuant to a plea bargain, he pled guilty to the lesser offense of breaking and entering an unoccupied dwelling place, MCL 750.110; MSA 28.305. Defendant's motion for new trial was denied. He was sentenced to a prison term of from 2-1/2 to 10 years.

At the preliminary examination, the complainant testified that he and his family resided in Ohio at the time of the robbery. For the previous two years, he had been building the burglarized Michigan home, located just across the Ohio border. On weekends and holidays, he slept in a bedroom at the new house and spent the days working on the interior of the home. He had just left the premises

about a half an hour before the robbery and had returned a few hours later. About 2-1/2 months after the incident, he and his family moved permanently into the residence.

At the plea proceeding, the trial court elicited testimony from defendant in order to establish a factual basis for the plea. GCR 1963, 785.7(3). Defendant admitted that he and a cohort entered the house through an open window and stole property from within. Defendant characterized the premises as being a construction site.

Defendant objected to the original charge in a motion for new trial, filed after the plea was tendered and accepted by the trial court. Defendant alleged in the motion and now asserts on appeal that the prosecutor abused his discretion in allegedly overcharging him with breaking and entering an occupied dwelling place. Similarly, it is asserted that the plea was based upon an illusory bargain since defendant could not have been found guilty of breaking and entering an occupied dwelling.

The trial court ruled that the defendant was not overcharged and that the plea bargain was not illusory. It noted that the owner lived in the dwelling on weekends and holidays. Cases considering the issue where a dwelling is a place of business were distinguished. The court found the fact that the complainant was still working on the interior of the home to be irrelevant.

MCL 750.110; MSA 28.305 provides:

"Any person who shall break and enter with intent to commit any felony, or any larceny therein, any tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat or ship, railroad car or any private apartment in any of such buildings or any unoccupied dwelling house, shall be

guilty of a felony punishable by imprisonment in the state prison not more than 10 years. Any person who breaks and enters any occupied dwelling house, with intent to commit any felony or larceny therein, shall be guilty of a felony punishable by imprisonment in the state prison for not more than 15 years. For the purpose of this section 'any occupied dwelling house' includes one that does not require the physical presence of an occupant at the time of the breaking and entering but one which is habitually used as a place of abode."

Defendant asserts that since the owner did not live in the house during the week, it was not an occupied dwelling place. He contends that he should have been charged with larceny from a construction site.

"Any person or persons who shall steal or unlawfully remove or in any manner damage any fixture, attachment or other property belonging to, connected with or used in the construction of any vacant structure or building, whether built or in the process of construction or who shall break into any vacant structure or building with the intention of unlawfully removing, taking therefrom or in any manner damaging any fixture, attachment or other property belonging to, connected with or used in the construction of such vacant structure or building whether built or in the process of construction, shall be guilty of a misdemeanor, punishable by imprisonment in the county jail of not more than one [1] year or by a fine of not more than five hundred [500] dollars." MCL 750.359; MSA 28.591.

A prosecutor has broad discretion in determining under which of two possibly applicable statutes a defendant will be charged. *People v Lombardo,* 301 Mich 451, 453; 3 NW2d 839 (1942). Where a claim of abuse of that discretion is levied, it is necessary to distinguish between cases where two possible statutes prohibit the same conduct and

those cases where the crimes can be distinguished. *People v Robinson,* 97 Mich App 542, 545; 296 NW2d 99 (1980). Defendant asserts that this is an example of the former case, that the two statutes proscribe the same conduct which would require the prosecutor to charge defendant with the more specific charge, larceny from a construction site.

We disagree with defendant's analysis. The statutes are clearly distinguishable, particularly as applied to the facts at hand. The first prohibits the breaking and entering of an unoccupied or occupied dwelling place, *i.e.,* a residence, while the other provision seeks to protect construction sites, no matter what type of structure is being built. Also, the second statute does not require a breaking and entering.

Furthermore, the intent to commit *any* felony is an element of breaking and entering a dwelling place while the stealing, removing, or damaging of construction property must be intended in order to violate the latter statute.

Therefore, it is easy to see that the elements of the two statutes are very different. Defendant's arguments and case law pertaining to choosing between two equally applicable statutes are, therefore, not germane to this case.

Assuming, *arguendo,* that the defendant could have been charged under either statute, the prosecutor had the discretion to choose between the two possible provisions, provided he did not overcharge. *Robinson, supra,* 548.

We agree with the trial court's conclusion that the prosecutor did not err in charging defendant with breaking and entering an occupied dwelling. Where no one is physically present at the time of the robbery, the prosecution must show that the residence is "habitually used as a place of abode".

MCL 750.110; MSA 28.305. The fact that the owner was temporarily absent, even for several days, does not necessarily prohibit a finding that the residence was "occupied". *People v Traylor,* 100 Mich App 248; 298 NW2d 719 (1980).

In the case at bar, the owner's occupation of the home was regular and habitual, being at least every weekend. Indeed, had the defendant appeared a half an hour earlier on the Friday night of the crime, he would have probably confronted the owner, thereby creating a risk of harm to him in his own home, precisely the reason the Legislature imposed a greater punishment for breaking and entering an occupied dwelling place. *People v Guerrero,* 57 Mich App 316; 225 NW2d 746 (1975). Under these circumstances, we find that the prosecutor did not abuse his discretion.

Defendant's contention that the factual basis of the guilty plea to breaking and entering an unoccupied dwelling place was inadequate because defendant characterized the structure as being a "construction site" is without merit. He also repeatedly referred to the building as being an "unoccupied house". An inculpatory inference can be drawn from defendant's recitation of the events of that evening sufficient to sustain the plea-based conviction. *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975).

Affirmed.