PEOPLE v. HASSELL.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

A point not raised in the trial court nor covered by an assignment of error will not be considered by this court.

2. INTOXICATING LIQUORS — CRIMINAL LAW — INTERPRETATION OF STATUTE.

The provisions of the statute (section 38, Act No. 338, Pub. Acts 1917) requiring the labeling of liquor in transit apply to all shipments of liquor by common carriers.

3. SAME—CONSIGNEE—POSSESSION BY DRAYMAN—OFFENSE.

In a prosecution for an offense under section 38, Act No. 338, Pub. Acts 1917, making it unlawful for any consignee of intoxicating liquors to receive or have in his possession any original package or packages containing intoxicating liquor unless said package is marked, etc., where defendant, a passenger, checked two trunks containing whisky of 44.48 per cent. alcoholic content, not marked in compliance with the statute, and at destination gave a drayman the checks, who obtained the trunks and transferred them to another depot, defendant was guilty of the offense, he being both consignor and consignee, and the possession of the drayman was the possession of defendant.

Exceptions before judgment from Oakland; Rockwell (Kleber P.), J.  Submitted October 16, 1919. (Docket No. 107.)  Decided December 22, 1919.

William F. Hassell was convicted of transporting intoxicating liquor in violation of Act No. 338, Pub. Acts 1917.  Affirmed.

*Pelton & McGee,* for appellant.

*Glenn C. Gillespie,* Prosecuting Attorney, for the people.

Respondent was convicted of an offense under section 38 of Act No. 338, Pub. Acts 1917, which provides:

"It shall be unlawful for any consignee of intoxicating liquor to receive or have in his possession any original package or packages containing intoxicating liquor unless said package or packages containing such intoxicating liquor have printed thereon in a conspicuous place where it can be plainly seen and read, marked in large letters, the following:

. *"First,* This package contains intoxicating liquors;

*"Second,* Name and address of consignor and consignee, and the quantity and kind of intoxicating liquor;

*"Third,* The specific purpose for which such liquors are to be used."

The facts about which there is no dispute appear to be as follows:  On the morning of February 25, 1919, respondent checked two large sample trunks from Lansing to Pontiac, Michigan, upon presentation of a passenger ticket to the baggageman of the Grand Trunk railway at Lansing.  Apparently respondent traveled on the same train upon which his trunks were carried.  Shortly after his arrival in Pontiac respondent employed a drayman to transfer the two trunks from the Grand Trunk depot to the Detroit

United Railway freight station, giving to the drayman the two duplicate checks which corresponded with the two checks on the trunks and paying the drayman $1 for his services. The trunks on arrival at Pontiac were discharging a liquid smelling of intoxicating liquor. A special officer of the Grand Trunk thereupon notified the sheriff's office in Pontiac. The trunks were delivered to the drayman upon surrender by him of the checks and were driven by the drayman to the Detroit United Railway station where respondent was arrested. In the meantime a search warrant had been issued. Respondent and the trunks were taken to the jail where, upon his refusal to tell what was in the trunks or unlock them, they were broken open and found to contain 72 quart bottles of whisky, analyzing 44.48 per cent. alcoholic content.

At the close of the people's case respondent moved for a directed verdict upon the grounds that it had not been shown that the liquors were being transported for the purpose of barter or sale; that there was no evidence that their ultimate destination was any place in the State of Michigan; that Act No. 338 of the Public Acts of 1917 was not intended to apply to liquors for private use; and because respondent was not a consignee within the meaning of the act. This motion was overruled, and respondent, having rested his case, a verdict of guilty was rendered by the jury under the direction of the court.

BROOKE, J. (*after stating the facts*). In this court respondent contends:

1. That there was no delivery of the trunks to him. A sufficient answer to this contention is found in the fact that the point was not raised in the trial court nor is there any assignment of error covering it in this court.

2. It is next urged on behalf of the respondent that

no evidence was offered by the people that the liquors were being transported for business or commercial use. Under this head it is argued that the seizure of the liquor in question could not be justified unless it was apparent that it was stored in a freight house or depot for the purpose of being sold, furnished or given away contrary to law. It is said that the purpose of Act No. 338 of the Public Acts of 1917,—

"was to control liquor that was being transported to points in the State of Michigan for the purpose of being sold, furnished or given away contrary to law; that is to say, it was to control liquor that was being dealt in as a business."

We are unable to agree with this contention. The provisions of section 38 requiring the labeling of liquor in transit apply to all shipments of liquor by common carriers; it evidently having been within the contemplation of the legislature that lawful transportation might be had thereunder without offense to other provisions of the law.

3. Respondent's next contention is that the liquor must have arrived at its destination before any crime was committed, and in this connection it is said that the evidence discloses that the liquor was intercepted while en route and that there is no evidence touching the residence of respondent or the ultimate destination of the liquor. It is likewise urged that respondent was not the "consignee" of the liquor within the meaning of the act. The last two points will be treated together. We have no difficulty in concluding that as to this particular shipment respondent was both consignor and consignee. The act does not provide that the offense is complete only upon delivery of the liquor to the consignee or at its *destination*. The offense is complete when the consignee shall "receive or have in his possession" the unlawful package. That respondent received the liquor through the agency of

the drayman to whom he delivered the baggage checks by means of which the drayman secured possession of the trunks, seems too plain for argument, therefore the possession of the drayman was the possession of the respondent in contemplation of law.

The judgment is affirmed and the case remanded for further proceedings.

BIRD, C. J., and SHARPE, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.