PEOPLE *v.* LOMBARDO.

1. CRIMINAL LAW—APPLICABLE STATUTES—DISCRETION OF PROSECUTOR.

Prosecuting officers have the right to use their discretion in determining under which of applicable statutes a prosecution shall be instituted.

2. SAME—QUESTIONS REVIEWABLE—EVIDENCE—PROSTITUTION.

Claim that defendant should have been charged under statute providing that one who admits a person into a house for purpose of prostitution should be guilty of a misdemeanor rather than under statute providing that keeping, maintaining and operating a house of prostitution constituted a felony will not be considered where point was not presented or argued in the court below nor covered by assignment of error and proofs show that defendant might have been properly charged under either statute (Act No. 328, §§ 449, 452, Pub. Acts 1931).

3. DISORDERLY HOUSE—PROSTITUTION—EVIDENCE—ADMISSION OF GUILT.

In prosecution for keeping, maintaining and operating a house of prostitution where testimony was sufficient to establish the *corpus delicti,* the maintenance of a house of prostitution, de-

fendant's statement, after unlocking and opening door for officers at 2:30 a.m. and requesting them ''to give her a break,'' by fair inference constituted an admission of guilt and was admissible in evidence (Act No. 328, § 452, Pub. Acts 1931).

4. SEARCHES AND SEIZURES—HOUSE OF PROSTITUTION.

In prosecution for keeping, maintaining and operating a house of prostitution where officers who were without a warrant had observed five cars coming and going from the place within 15 minutes and knew the place by reputation and from records at police headquarters and were admitted to the house by defendant who then made a statement in which she admitted guilt, a search of the house in which eight boys or men and six women were found was not illegal (Act No. 328, § 452, Pub. Acts 1931).

5. ARREST—MAINTAINING A HOUSE OF PROSTITUTION.

Arrest of defendant for keeping, maintaining and operating a house of prostitution was legal where officer who was without a warrant had reasonable and probable cause to believe that defendant had committed or was committing a felony (Act No. 328, § 452, Pub. Acts 1931).

6. CRIMINAL LAW—PROSTITUTION—DIRECTED VERDICT—NEW TRIAL —EVIDENCE.

In prosecution for keeping, maintaining and operating a house of prostitution, defendant's motions for directed verdict and new trial *held,* properly denied where proofs supported verdict beyond a reasonable doubt that the place in question was resorted to for the purpose of prostitution and that defendant aided and abetted in maintaining and operating the same (Act No. 328, § 452, Pub. Acts 1931).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 16, 1942. (Docket No. 87, Calendar No. 41,854.) Decided May 18, 1942. Rehearing denied July 21, 1942.

Irene Lombardo was convicted of maintaining and operating a house of ill fame. Defendant appeals. Affirmed.

*Frank P. Darin* and *Frank L. Amprim,* for appellant.

*Hugh K. Davidson, Edgar A. Beauchamp,* and *Edwin C. Ide,* for appellant on application for rehearing.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Richard V. Nahabedian* and *Henrietta Rosenthal,* Assistants Prosecuting Attorney, for the people.

BOYLES, J.   Defendant was convicted by jury and sentenced to the Detroit house of correction for felony on an information charging that defendant, at a certain time and place, "did then and there aid, assist and abet in keeping, maintaining and operating a certain house of ill-fame and bawdy house and house and place resorted to for the purpose of prostitution and lewdness, to-wit: * * *" Act No. 328, § 452, Pub. Acts 1931 (penal code) (Comp. Laws Supp. 1940, § 17115–452, Stat. Ann. § 28.707).   Counsel for defendant raise a preliminary question that, under the proofs, defendant should have been charged with a misdemeanor, under Act No. 328, § 449, Pub. Acts 1931 (Stat. Ann. § 28.704), which reads as follows:

"Any person who shall receive or admit or offer to receive or admit any person into any place, structure, house, building or vehicle for the purpose of prostitution, lewdness or assignation, or who shall knowingly permit any person to remain in any such place for any such purpose, shall be guilty of a misdemeanor."

Prosecuting officers have the right to use their discretion in determining under which of applicable statutes a prosecution shall be instituted.   *People* v. *Thrine,* 218 Mich. 687.   The proofs adduced show that defendant might have been properly charged under either statute.   This point was not presented

or argued in the court below nor covered by assignment of error, and will not here be considered for reversal. *People* v. *Hassell,* 208 Mich. 236; *People* v. *Kowalek,* 296 Mich. 714.

While the details of the testimony might be of interest to the pornographic-minded, no desirable result can be accomplished by a recital of the same. It is sufficient for the purposes of this opinion to say that the testimony establishes these facts beyond a reasonable doubt: The defendant was in a house resorted to for the purpose of prostitution, attended the outer door, invited persons to enter, and otherwise aided in maintaining the same.

The defendant contends that the court erred in denying a motion made before trial, to quash the information and suppress the evidence based on certain testimony given by a deputy sheriff at the preliminary examination. Defendant insists that this testimony was barred because of an illegal entry, search and seizure in violation of defendant's constitutional rights.

The deputy sheriff testified on the examination that at about 2:30 a.m. on the night in question he went up to the back door of this house, along with some other officers, knocked, and, after some delay, the door was unlocked and opened by defendant who invited them to come in. No attempt was made to break the door in, they waited until it was unlocked and opened. He testified he was in uniform, that the defendant unlocked and opened the door, stood back and said "Come on in;" that he did not threaten to break in; that after he entered he asked defendant what they were doing there and she said "Well, you know bills have to be paid." The officers went in, defendant and the girls were arrested, and defendant was subsequently charged with the felony. They found eight boys or men and six women

in the house, found three girls hiding in the basement and two others hiding in a cupboard. Before going to the house, the officer saw automobiles coming and going from the house, five cars within 15 minutes, and testified that he knew the place by reputation and from records at police headquarters.

In *People* v. *Halveksz*, 215 Mich. 136, relied on by defendant, police officers without warrant entered defendant's premises without permission, searched the premises, seized a quantity of intoxicating liquor, arrested the defendant for having liquor illegally in possession, and this court held the liquor was not admissible in evidence. The facts distinguish that case from the case at bar. Here, the officers were admitted by defendant's invitation after she opened the door, and no seizure of evidence was made. Other testimony at the examination established all the elements of the offense charged. Witnesses testified to having visited the house previously, being admitted by the defendant, and paying for acts of prostitution. The testimony was sufficient to establish the maintenance of a house of prostitution. Defendant herself, by fair inference, admitted guilt after opening the door by asking the officer "to give her a break." The *corpus delicti,* the keeping of a house of prostitution, was established. Defendant's statement was admissible. *People* v. *Lapidus,* 167 Mich. 53. The search was not illegal. *People* v. *Harter,* 244 Mich. 346. The officer had reasonable and probable cause to believe that defendant had committed or was committing a felony and the arrest was legal. *People* v. *Stewart,* 232 Mich. 670. After arresting defendant under these circumstances, the search was not unlawful. *People* v. *Cona,* 180 Mich. 641. The trial court did not err in denying defendant's motion to quash the information and suppress the evidence.

Defendant's remaining reasons for reversal are that the court should have granted defendant's motions for a directed verdict and for a new trial. We have examined the record and briefs to ascertain the grounds on which the motions were based and find no persuasive reason why either motion should have been granted. The proofs support the verdict beyond a reasonable doubt that the place in question was resorted to for the purpose of prostitution and · that defendant aided and abetted in maintaining and operating the same. No complaint is made that the court failed to charge the jury fairly and properly as to the law.

Conviction affirmed.

CHANDLER, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.