## PEOPLE *v.* RYAN.

1. CRIMINAL LAW—MOTOR VEHICLES—UNLAWFULLY DRIVING AUTOMOBILE—TAKING OR USING WITHOUT AUTHORITY BUT WITHOUT INTENT TO STEAL.

   The distinction between the crime commonly called unlawfully driving away an automobile and the crime of taking or using without authority any motor vehicle without intent to steal it, the first being made a felony and the second a circuit court misdemeanor, is that unlawful taking of possession is an element of the felony, but not of the misdemeanor (CL 1948, §§ 750.413, 750.414).

2. SAME—DISCRETION OF PROSECUTOR.

   The prosecutor has a right to use discretion in determining under which of applicable statutes a prosecution shall be instituted where there is a distinction between the crimes defined by the statutes.

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 303, 304.
[2] 42 Am Jur, Prosecuting Attorneys § 14.

Appeal from Gratiot, Corkin (Leo W.), J. Submitted Division 3 April 3, 1968, at Grand Rapids. (Docket No. 4,508.)   Decided May 29, 1968.

Charles Joseph Ryan was convicted on his plea of guilty of the offense of unlawfully driving away an automobile. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General and *Jack T. Arnold,* Prosecuting Attorney, for the people.

*Robert L. Douglas,* for defendant.

Burns, P. J.   The defendant pleaded guilty to the offense of unlawfully driving away an automobile. CL 1948, § 750.413 (Stat Ann 1954 Rev § 28.645). Subsequent to sentence the court appointed counsel for post conviction proceedings. The court thereafter denied a motion to withdraw defendant's plea of guilty and to grant a new trial.

Defendant's claim of appeal is based upon an argument that CL 1948, § 750.413 (Stat Ann 1954 Rev § 28.645)[1] and CL 1948, § 750.414 (Stat Ann 1954 Rev § 28.646)[2] cover the same identical crimes

[1] "Any person who shall, wilfully and without authority, take possession of and drive or take away, and any person who shall assist in or be a party to such taking possession, driving or taking away of any motor vehicle, belonging to another, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years."

[2] "Any person who takes or uses without authority any motor vehicle without intent to steal the same, or who shall be a party to such unauthorized taking or using, shall upon conviction thereof be guilty of a misdemeanor, punishable by imprisonment in the state prison for not more than 2 years or by a fine or [of] not more than 1,000 dollars: Provided, That in case of first offense the court may in its discretion reduce the punishment to imprisonment in the county jail for a term of not more than 3 months or a fine of not more than 100 dollars: Provided further, That the provisions of this section shall be construed to apply to any person or persons employed by the owner of said motor vehicle or any one else, who, by the nature of his employment, shall have the charge

but prescribe substantially different penalties. This asserted difference in punishment for the same act allegedly:

1. is an unconstitutional delegation of judicial authority to a nonjudicial officer (the prosecutor);

2. is an unreasonable classification which results in the arbitrary and capricious selection of penalty contrary to the Michigan constitution and the United States constitution;

3. means that the enactment of CL 1948, § 750.414 (Stat Ann 1954 Rev § 28.646) repealed the crime to which defendant pleaded guilty, and

4. should have resulted in the rejection of defendant's plea of guilty because the facts admitted by the defendant were consistent with the offense which provided a lesser penalty and because the court failed to advise the defendant of this related offense.

The distinction between the two crimes involved in this case has been established in *People* v. *Smith* (1921), 213 Mich 351, and *People* v. *Stanley* (1957), 349 Mich 362. In those cases the Supreme Court observed that many times a person may lawfully come into possession of an automobile but use it unlawfully. The distinction thus indicated denotes a lack of merit in defendant's main premise for appeal and the constitutional objections based thereon.

Since there is a distinction between the aforementioned statutes, it follows that the prosecutor had a right to use discretion in determining under which of applicable statutes a prosecution shall be instituted. *People* v. *Mire* (1912), 173 Mich 357; *People* v. *Thrine* (1922), 218 Mich 687; and *People* v. *Lombardo* (1942), 301 Mich 451. We find nothing in the record which suggests an abuse of discretion by the prosecutor.

---

of or the authority to drive said motor vehicle if said motor vehicle is driven or used without the owner's knowledge or consent."

A review of the transcript reveals that the facts related by defendant to the trial judge were sufficient for the court to accept the plea of guilty.

Affirmed.

QUINN and ZIEM, JJ., concurred.