PEOPLE *v.* GRAVES

1. CRIMINAL LAW—PROSECUTING ATTORNEY—OFFICERS.
   A prosecuting attorney is the chief law enforcement officer of
   his county.

2. CRIMINAL LAW—PROSECUTOR'S DISCRETION.
   A prosecuting attorney has a right to exercise discretion in de-
   termining under which applicable statute a prosecution will
   be instituted.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 February 9, 1971, at Detroit. (Docket No. 9072.) Decided March 25, 1971.

William Graves, Jr., was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*Markus S. Simon,* for defendant on appeal.

Before: DANHOF, P. J., and HOLBROOK and BRONSON, JJ.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]  42 Am Jur, Prosecuting Attorney §§ 9–18.

BRONSON, J. Defendant was convicted by a jury for the crime of larceny in a building contrary to MCLA § 750.360 (Stat Ann 1954 Rev § 28.592). The trial judge sentenced the defendant to serve a term of two and one-half to four years in prison. Defendant appeals as of right.

Evidence adduced at trial established that defendant unlawfully took six ladies' sweaters valued at $10 each from a department store in Detroit.

Defendant contends that since the value of the goods stolen was less than $100, he should have been charged with the offense of simple larceny under MCLA § 750.356 (Stat Ann 1970 Cum Supp § 28.588), which is a misdemeanor. Defendant argues that the prosecutor's decision to charge him for a felony under MCLA § 750.360 (Stat Ann 1954 Rev § 28.592), rather than a misdemeanor under MCLA § 750.356 (Stat Ann 1970 Cum Supp § 28-.588), violated constitutionally-protected rights.

The premise upon which defendant's argument proceeds is that the two statutes proscribing essentially similar activity are vague and indefinite because they fail to provide sufficient distinguishing guidelines. Further, defendant contends that because the delineation is not clear, the two statutes unlawfully delegate judicial and legislative authority to the prosecutor.

Defendant's arguments are without merit. The prosecuting attorney is the chief law enforcement officer of his county. The ultimate police power reposes in the hands of this civilian law enforcement officer who was elected by the people. It is axiomatic that the prosecutor has a right to exercise discretion in determining under which applicable statute a prosecution will be instituted. *People* v. *Lombardo* (1942), 301 Mich 451; *People* v. *Thrine* (1922), 218 Mich 687; *People* v. *Ryan* (1968), 11

Mich App 559; *People* v. *Eineder* (1969), 16 Mich App 270.

The facts of the instant case disclose that the acts of the defendant constituted criminal activity in violation of both of the statutes under consideration. The legislative mandate under MCLA § 750-.360 (Stat Ann 1954 Rev § 28.592) is unequivocal in its pronouncement that when a larceny is committed in the areas enumerated, the actor has committed a felony without reference to the value of the goods stolen.

The distinction between simple larceny, MCLA § 750.356 (Stat Ann 1970 Cum Supp § 28.588), and larceny in a building, MCLA § 750.360 (Stat Ann 1954 Rev § 28.592), is clear on the face of the statutes. The additional aggravation of stealing from a public building is deemed more severe by the legislature.

Since the statutory crimes are distinct, and since the facts encompassed the crime charged, the prosecutor did not abuse his discretion in proceeding under MCLA § 750.360 (Stat Ann 1954 Rev § 28.592).

Defendant's remaining issue on appeal relates to the trial court's instruction to the jury. A review of the record reveals that the instruction apprised the jury of the applicable law in a clear and concise manner. *People* v. *Weems* (1969), 19 Mich App 553.

Judgment affirmed.

All concurred.