PEOPLE v FELDMAN

Docket No. 27266. Submitted December 14, 1977, at Lansing.—Decided November 27, 1978. Leave to appeal applied for.

Joel D. Feldman was convicted in Bay Circuit Court, John X. Theiler, J., of one count of possession of burglary tools, one count of possession of a device adapted for breaking into a parking meter with intent to steal, four counts of inserting part of an instrument into a parking meter with intent to steal, and four counts of forcing an entrance into a parking meter with intent to steal. The defendant appeals by leave granted, alleging (1) that reversible error occurred when the trial court failed to caution the jurors against discussing the case among themselves during the course of the trial, and (2) that his constitutional guarantees against double jeopardy were violated. *Held:*

1. The trial court, in its preliminary instructions to the jury, not only failed to caution the jurors against discussing the case among themselves, but gave the distinct impression that they could discuss the case among themselves during the course of the trial. This error requires a reversal of the defendant's conviction and that a retrial be granted.

2. On retrial the defendant should not be charged with the ten counts in the original information since the charges of inserting an instrument into a parking meter with intent to steal and the charges of forced entry into a parking meter comprise alternate descriptions of the same offense and because the charge of possession of an instrument adapted to breaking into a parking meter is necessarily included in the charge of insertion of the instrument. Therefore, only two forced entry counts are appropriate because only two meters were broken into, along with one count of possession of the burglary tools which was unrelated to the meter breaking offense.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 994.
[2] 16 Am Jur 2d, Constitutional Law § 332.
 21 Am Jur 2d, Criminal Law §§ 135, 165-169, 473-475.
[3] 21 Am Jur 2d, Criminal Law § 189.
 50 Am Jur 2d, Larceny § 138.
[4] 21 Am Jur 2d, Criminal Law § 189.

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—DISCUSSION OF CASE BY JURORS—COURSE OF TRIAL.

A preliminary instruction by a trial judge in a criminal trial which not only fails to caution the jurors against discussing the case among themselves, but gives the distinct impression that the jury may discuss the case among themselves during the course of the trial, results in reversible error.

2. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—MULTIPLE PUNISHMENT —SINGLE OFFENSE.

Constitutional guarantees against double jeopardy prohibit double or multiple punishment for the same crime.

3. CRIMINAL LAW—BREAKING INTO PARKING METERS—DESCRIPTION OF OFFENSE—DOUBLE JEOPARDY—STATUTES.

Inserting an instrument into a parking meter with intent to steal and forced entry into a parking meter with intent to steal are alternate descriptions of the same offense (MCL 752.811; MSA 28.643[101]).

4. CRIMINAL LAW—BREAKING INTO PARKING METERS—POSSESSION OF BREAKING INSTRUMENT—NECESSARILY INCLUDED LESSER OFFENSE.

A charge of possession of an instrument adapted to break into a parking meter is necessarily included in a charge of insertion of the instrument into a meter with intent to steal.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Eugene C. Penzien,* Prosecuting Attorney, and *George B. Mullison,* Chief Assistant Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant on appeal.

Before: V. J. BRENNAN, P.J., and D. F. WALSH and H. L. HEADING,* JJ.

V. J. BRENNAN, P.J. Defendant Joel David Feldman was convicted on May 14, 1975, in Bay

---

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

County Circuit Court of one count of possession of burglary tools, contrary to MCL 750.116; MSA 28.311, one count of possession of a device adapted for breaking into a parking meter with intent to steal, contrary to MCL 752.811; MSA 28.643(101), four counts of inserting part of an instrument into a parking meter with intent to steal, contrary to MCL 752.811; MSA 28.643(101), and four counts of forcing an entrance into a parking meter with intent to steal, contrary to MCL 752.811; MSA 28.643(101). On September 2, 1975, defendant was sentenced to a prison term of from 2 to 10 years on the possession of burglary tools count and 1 to 3 years on each of the remaining counts, the sentences to run concurrently. Defendant appeals his convictions here on delayed leave to appeal granted.

Defendant's prosecution arose out of events occurring near the Jenison Hardware Store in Bay City, Michigan, across from the Wenona Park. Testimony of employees of the hardware store indicated that on July 29, 1974, three people were observed standing around one of the several parking meters which were located on the street adjacent to Wenona Park. Employee Paul Abbs testified that one of defendant's companions was holding a wire and that shortly afterward money fell out of a meter and into the purse carried by defendant's other companion. Defendant appeared to be on watch and was not involved in the actual taking of the money from the meter. This testimony was corroborated by another eyewitness.

The police were subsequently called and apprehended defendant and his companions within Wenona Park. During the process of arrest, officers discovered various tools and a roll of money in the front seat of the suspects' car. These items along

with other tools found in defendant's van were introduced into evidence at trial. Defendant's conviction on all ten counts of the information followed.

Defendant claims that reversible error occurred when the trial court failed to caution the jury against discussing the case among themselves. In fact the trial court in its preliminary instruction gave the jury the distinct impression that they could discuss the case among themselves during the course of the trial.

The problem which results from this instruction is that the jury is allowed to formulate and express opinions before all the evidence is in. Given the fact that the prosecution presents its evidence first, initial expressions of opinion would most likely be unfavorable to the defendant. Upon the presentation of the defendant's case, the jury's inclination would be to give special attention to testimony that confirms their prior expressions so as to avoid any embarrassment involved in changing their opinion. As such the burden of proof is effectively shifted from the prosecution to the defendant.[1] *People v Hunter,* 370 Mich 262; 121 NW2d 442 (1963). We agree with defendant that this was reversible error.

Inasmuch as the cause must be sent back we will address the defendant's double jeopardy claim so as to prevent any possible recurrence of error on retrial.

The protection against double jeopardy prohibits double or multiple punishment for the same crime. *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969), *People v Alvin Johnson,* 396 Mich 424, 430; 240 NW2d 729 (1976).

With this in mind we point out that the defend-

---

[1] This writer confesses a change of view as expressed in his dissent in *People v Blondia,* 69 Mich App 554; 245 NW2d 130 (1976).

ant may again be charged with one count of possession of burglary tools contrary to MCL 750.116; MSA 28.311 since this charge was not based on possession of the same tools allegedly used to break into the parking meters.

However, counts 2 through 10 setting forth nine separate charges under MCL 752.811; MSA 28.643(101) do present double jeopardy problems. The facts tend to show that two parking meters were broken into. From this incident the defendant was charged with one count of possession of a device adapted to break into a parking meter with intent to steal, four counts of inserting an instrument into a parking meter with intent to steal and four counts of forced entry into a parking meter with intent to steal. It is clear that the latter eight counts comprise alternate descriptions of two acts of breaking. Such conduct may only be punished singularly, thus the bringing of the eight separate charges was improper. Furthermore, the charge of possession of an instrument adapted to break into a parking meter is necessarily included in the charge of insertion of the instrument. *People v Stewart (On Rehearing)*, 400 Mich 540; 256 NW2d 31 (1977), *People v Martin*, 398 Mich 303; 247 NW2d 303 (1976).

On remand the defendant can only be charged with one violation of MCL 750.116; MSA 28.311, and two violations of MCL 752.811; MSA 28.643(101). We again caution the prosecutor on the obvious practice of overcharging.[2] See *People v*

---

[2] We are at a loss to understand why the Bay County Prosecutor has undertaken a policy of "shotgun" charges. The presentation of proofs, the instructions to the jury on the elements of each charge and the instructions on the various verdicts they could return must have caused them much confusion. There is no doubt that this practice would lead to longer trials, a situation most circuits do not need. We do have a suspicion that the multiple-charge policy is for

*Carmichael,* 86 Mich App 418; 272 NW2d 667 (1978).

Reversed and remanded.

---

the possible extraction of more pleas, although there is nothing on this record to prove this point.