PEOPLE v EVANS

Docket No. 78-474. Submitted April 16, 1979, at Lansing.—Decided November 21, 1979.

Pearl L. Evans was convicted, on her plea of guilty, of larceny in a building and of being a third felony offender, Bay Circuit Court, Leon R. Dardas, J. The particular crime of which she was convicted was the theft of a $1 item from a retail store. Defendant appeals, alleging among other things that she was denied due process and equal protection because the prosecutor charged her with larceny in a building, a felony, rather than with larceny under $100, a misdemeanor. *Held:*

The prosecutor has the discretion to choose under which of several applicable statutes a prosecution will be instituted. In the case of a shoplifter, a prosecutor has the discretion to charge the defendant with either larceny in a building or simple larceny. The prosecutor did not abuse this discretion, given the facts of this case, where the defendant clearly qualified as a habitual offender.

Affirmed.

V. J. BRENNAN, P.J., dissented. He would hold that petty shoplifting, no matter how frequently performed, does not amount to a felony, and that the prosecutor abused his discretion by charging the defendant with a felony. He would reverse.

OPINION OF THE COURT

1. CRIMINAL LAW — PROSECUTING ATTORNEYS — DISCRETION.

A prosecuting attorney has the discretion to choose under which statute a prosecution will be instituted where more than one statute is applicable to the case.

2. CRIMINAL LAW — PROSECUTING ATTORNEYS — DISCRETION.

A prosecuting attorney may not exercise his or her discretion in a manner that would violate constitutional principles.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 63 Am Jur 2d, Prosecuting Attorneys §§ 26, 27.

[3, 4] 50 Am Jur 2d, Larceny §§ 49, 50.

Validity, construction and effect of statutes establishing shoplifting as specific criminal offense. 90 ALR2d 811.

3. LARCENY — SHOPLIFTING — LARCENY IN A BUILDING — SIMPLE
     LARCENY.
     A prosecuting attorney did not abuse his discretion by charging a
     shoplifter with the greater offense of larceny in a building
     instead of simple larceny where the shoplifter had been con-
     victed four times within a short time for theft-type offenses.

                    DISSENT BY V. J. BRENNAN, P.J.

4. CRIMINAL LAW — SHOPLIFTING — LARCENY — PROSECUTING ATTOR-
     NEYS — DISCRETION.
     *Petty shoplifting, no matter how frequently performed, does not
     amount to a felony, and a prosecuting attorney who charges a
     defendant with the felony of larceny in a building for the theft
     of a $1 item abuses the discretion of his office.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Nancy L. Goodale,* Assistant Prosecuting Attorney, for the people.

*Kim Robert Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: V. J. BRENNAN, P.J., and BRONSON and CYNAR, JJ.

PER CURIAM. The defendant was arrested for the theft of a scarf from a Sears store in Bay City. Pursuant to a plea agreement by which she was to be charged as a third rather than as a fourth offender, she pled guilty to the charged offense of larceny in a building, MCL 750.360; MSA 28.592, and to the charge of being a third offender under the habitual offender act, MCL 769.12; MSA 28.1084. She was sentenced to a term of from three to eight years in prison, and appeals as of right.

Defendant raises several issues in her brief, one of which merits discussion.

Defendant argues that she was denied her guarantees of due process and equal protection under the Michigan and Federal Constitutions because

the prosecutor, in the exercise of his broad charging discretion, charged her with larceny in a building,[1] a felony, instead of larceny under $100,[2] a 90-day misdemeanor.

The prosecutor is a constitutional officer whose duties are provided by law. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 683; 194 NW2d 693 (1972). He is the chief law enforcement officer of the county from which he is elected, not the police, the newspapers, or the courts. As the civilian head of the county's law enforcement efforts, the final decisions are his, and in the end, it is he who must accept the responsibility for his decisions at the polls. Consistent with this role, prosecuting attorneys have discretion in Michigan to choose under which of the several potentially applicable statutes a prosecution will be instituted.[3] This discretion may serve many useful

---

[1] MCL 750.360; MSA 28.592, which states:

"Any person who shall commit the crime of larceny by stealing in any dwelling house, house trailer, office, store, gasoline service station, shop, warehouse, mill, factory, hotel, school, barn, granary, ship, boat, vessel, church, house of worship, locker room or any building used by the public shall be guilty of a felony."

[2] MCL 750.356; MSA 28.588, which states:

"Any person who shall commit the offense of larceny, by stealing, of the property of another, any money, goods or chattels, or any bank note, bank bill, bond, promissory note, due bill, bill of exchange or other bill, draft, order or certificate, or any book of accounts for or concerning money or goods due or to become due, or to be delivered, or any deed or writing containing a conveyance of land, or any other valuable contract in force, or any receipt, release or defeasance, or any writ, process or public record, if the property stolen exceed the value of $100.00, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or by fine of not more than $2,500.00. *If the property stolen shall be of the value of $100.00 or less, such person shall be guilty of a misdemeanor."* (Emphasis added.)

[3] *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974) *[Genesee II], Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972) *[Genesee I], People v Lombardo,* 301 Mich 451; 3 NW2d 839 (1942), *People v Thrine,* 218 Mich 687; 188 NW 405 (1922), *People v Mire,* 173 Mich 357; 138 NW 1066 (1912), *People v LaRose,* 87 Mich App 298; 274 NW2d 45 (1978),

purposes. The same offense can be committed under widely divergent circumstances, for different reasons, and by persons with varying degrees of previous contact with the courts. By allowing the prosecutor wide latitude in deciding who is charged and with what crime, an essential task is performed before the matter reaches the courts. See, The President's Commission on Law Enforcement and Administration of Justice—Task Force Report: The Courts, pp 5-8. Even critics of this system do not argue so much for an elimination of the prosecutor's discretion (a particular goal of the continental legal systems) as they do for limited judicial review of the exercise of that discretion. See, *e.g., Hutcherson v United States,* 120 US App DC 274; 345 F2d 964 (1965) (Bazelon, C.J., concurring in part, dissenting in part), Davis, Discretionary Justice, pp 188-214.

Despite the breadth and usefulness of this discretion, it is not without its limits. Certainly, the prosecutor may not exercise his or her discretion in a manner that would violate constitutional principles. *People v Birmingham,* 13 Mich App 402, 407; 164 NW2d 561 (1968). The United States Supreme Court recognized this restraint on prosecutorial discretion in *Bordenkircher v Hayes,* 434 US 357, 365; 98 S Ct 663; 54 L Ed 2d 604 (1978):

"There is no doubt that the breadth of discretion that our country's legal system vests in prosecuting attor-

*People v Heber,* 42 Mich App 582; 202 NW2d 571 (1972), *People v Eineder,* 16 Mich App 270; 167 NW2d 893 (1969), *People v Birmingham,* 13 Mich App 402; 164 NW2d 561 (1968), *People v Byrd,* 12 Mich App 186, 197; 162 NW2d 777 (1968) (LEVIN, J., concurring), *People v Ryan,* 11 Mich App 559; 161 NW2d 754 (1968).

Additionally, the United States Supreme Court has recognized the broad discretion that rests in the prosecutor's charging decision. *Bordenkircher v Hayes,* 434 US 357; 98 S Ct 663; 54 L Ed 2d 604 (1978), *Imbler v Pachtman,* 424 US 409, 424; 96 S Ct 984; 47 L Ed 2d 128 (1976).

neys carries with it the potential for both individual and institutional abuse. And broad though that discretion may be, there are undoubtedly constitutional limits upon its exercise." (Footnote omitted.)

Michigan has additionally recognized that the courts are able to exercise a limited judicial review for the correction of abuse of prosecutorial discretion. *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115, 121; 215 NW2d 145 (1974), *People v Curtis,* 389 Mich 698; 209 NW2d 243 (1973), *People v Matulonis,* 60 Mich App 143, 149; 230 NW2d 347 (1975), *People v Ryan,* 11 Mich App 559; 161 NW2d 754 (1968).[4]

In order to sustain the position that the statutory scheme which allows prosecutors discretion to charge "shoplifters" with either a felony or a misdemeanor is constitutionally infirm, defendant would have to show that it unreasonably or arbitrarily discriminates against similarly situated persons. On several previous occasions, however, this Court has upheld the prosecutor's discretion to charge a "shoplifter" with the greater offense of larceny in a building instead of simple larceny. *People v Shepherd,* 63 Mich App 316; 234 NW2d 502 (1975), *People v Bohm,* 49 Mich App 244; 212 NW2d 61 (1973), *People v Graves,* 31 Mich App 635; 188 NW2d 87 (1971), *People v Jackson,* 29

---

[4] The Michigan Legislature has also provided for judicial review of the prosecutor's decision not to prosecute:

"If the prosecuting attorney determines in a case other than a major controlled substance offense that an information ought not be filed, he shall make and subscribe a statement, in writing, containing his reasons in fact and in law, for not filing an information in the case and shall file that statement with the clerk of the court at and during the term of the court at which the offender is held for appearance. The court may examine the statement, together with the evidence filed in the case and if, upon examination, the court is not satisfied with the statement, the prosecuting attorney shall be directed by the court to file the proper information and bring the case to trial." MCL 767.41; MSA 28.981.

Mich App 654; 185 NW2d 608 (1971).[5] We are not convinced that this position is wrong. The existence of at least two offenses covering the defendant's conduct in this case gives room for the beneficial exercise of the prosecutor's charging discretion. For example, with regard to this particular defendant, we note ample rational justification for charging her with the greater offense. At the time she was prosecuted for the theft involved in this case, defendant had already been convicted four times within a short period for theft-type offenses.[6] This sort of consideration has found approval in the ABA Project on Standards for Criminal Justice, The Prosecution Function, Standard 3.9, the commentary to which states:

"Nor is it desirable that he [the prosecutor] prosecute all crimes at the highest degree available. Necessarily crimes are defined in broad terms that encompass situations of greatly differing gravity. Differences in the circumstances under which the crime took place, the motives or pressures activating the offender, mitigating factors of the situation or the offender's age, prior

[5] The position taken by these cases was disputed in *People v Carmichael,* 86 Mich App 418; 272 NW2d 667 (1978). Given the actual disposition of the case, however, the language must be considered dicta.

[6] The record reflects the following history of defendant's convictions:

| Year | Location | Offense |
| --- | --- | --- |
| 1974 | Bay County | Unarmed robbery |
| 1975 | Bay County | Attempting to fraudulently obtain money under false pretenses |
| 1975 | Bay County | Attempted forgery |
| 1975 | Federal District Court, Eastern District of Michigan, Northern Division | Possession of stolen mail |

record, general background, his role in the offense, and a host of other particular factors require that the prosecutor view the whole range of possible charges as a set of tools from which he must carefully select the proper instrument to bring the charges warranted by the evidence. In exercising discretion in this way, the prosecutor is not neglecting his public duty or discriminating among offenders. The public interest is best served and even-handed justice best dispensed not by a mechanical application of the 'letter of the law' but by a flexible and individualized application of its norms through the exercise of the trained discretion of the prosecutor as an administrator of justice."

Defendant has referred us to several cases from other jurisdictions that address the constitutional problems involved here.[7] We find none of these cases exactly applicable to the statutory situation we are confronted with in this case. Additionally, many of the cases were resolved on grounds of statutory construction rather than on constitutional interpretation. Granting, however, that some of the discussions could be said to relate to the circumstances of this case, we are not convinced that the statutory scheme we discuss here is incapable of being constitutionally applied. It is possible that in exercising the discretion accorded the prosecutor, constitutional abuses could occur. A scheme may itself be constitutional, yet be applied in an unconstitutional manner. *Yick Wo v Hopkins,* 118 US 356; 6 S Ct 1064; 30 L Ed 220 (1886), *People v Plamondon,* 64 Mich App 413, 426-427; 236 NW2d 86 (1975), *rev'd on other grounds sub nom People v Drielick,* 400 Mich 559; 255

---

[7] *State v Hagge,* 224 NW2d 560 (ND, 1974), *State v Zornes,* 78 Wash 2d 9; 469 P2d 552 (1970), *State v Collins,* 55 Wash 2d 469; 348 P2d 214 (1960), *State v Pirkey,* 203 Ore 697; 281 P2d 698 (1955). See, also, *Berra v United States,* 351 US 131, 135; 76 S Ct 685; 100 L Ed 1013 (1956) (Black, J., dissenting), Comment: *Prosecutorial Discretion in the Duplicative Statutes Setting,* 42 U Colo L Rev 455 (1971).

NW2d 619 (1977), *cert den* 434 US 1047; 98 S Ct 893; 54 L Ed 2d 798 (1978). The defendant has not made out such a claim in this case.

We are also unable to find any abuse of prosecutorial discretion in this case. We are aware of the fact that the Bay County prosecuting attorney's office has on previous occasions been cautioned by this Court about "overcharging". See *People v Feldman,* 87 Mich App 157; 274 NW2d 1 (1978), *People v Carmichael,* 86 Mich App 418; 272 NW2d 667 (1978). This sort of consideration is relevant in determining whether an abuse has occurred. We find, however, that the record in this case adequately supports the prosecutor's exercise of his charging discretion.

We emphasize that our finding no abuse of prosecutorial discretion is limited to the particular facts of this case. The offense occurred in a public building, and was committed by a person who clearly qualifies as a habitual offender. The prosecutor's charging discretion, as broad as it is, is not without limitations and is clearly capable of being abused. In an appropriate case, we would not hesitate to find that such an abuse had occurred.

We have examined defendant's other claims and find no reversible error.

Affirmed.


V. J. Brennan, P.J. *(dissenting).* I respectfully disagree with my colleagues. The "broad discretion" of the county prosecutor and the limitations thereon pale to insignificance upon consideration of one salient fact. This defendant was sentenced to 3 to 8 years in prison for stealing a $1 Sears scarf. This writer cannot in good conscience tolerate the abuse of legal process demonstrated by the prosecutor at bar.

The Legislature has set forth crimes and penalties establishing guidelines for law enforcement agencies and the courts. The habitual offender statute was enacted to prevent dangerous felons from continually visiting upon society their abuses. Petty shoplifting, no matter how frequently performed, does not amount to a felony. The penalties for shoplifting as prescribed by the Legislature are a sufficient deterrent. A prosecutor who believes otherwise and charges accordingly abuses the discretion of his office. It is not for the prosecutor to elevate such a crime to a 4-year felony. Such punishment does not fit the crime.

The majority is severing themselves from the abuse allowed below by stating "it is he [the prosecutor] who must accept the responsibility for his decisions at the polls". I disagree. It is we who review defendant's appeal and render this decision who must accept responsibility for allowing this. For want of a more effective means of properly disposing of this matter, I must dissent.

I would reverse.