PEOPLE v HART

Docket No. 44873. Submitted February 6, 1980, at Lansing.—Decided
    June 17, 1980.

    Defendant, Susan L. Hart, was charged with larceny in a building
    in the Mecosta Circuit Court. The charge stemmed from an
    alleged shoplifting incident. The court, Harold Van Domelen,
    J., dismissed the felony charge and remanded defendant to the
    district court for trial on the charge of larceny under $100. The
    people appeal. *Held:*

        The prosecutor is the chief law enforcement officer of the
    county and has the right to exercise broad discretion in deter-
    mining under which of two applicable statutes a prosecution
    will be brought. The trial court erred in dismissing the larceny
    in a building charge because the offense constituted shoplifting.
        Reversed.

        V. J. BRENNAN, J., dissented. He would hold that it was not
    the intent of the Legislature to have the larceny in a building
    statute apply in shoplifting cases. He would affirm.

OPINION OF THE COURT

1. PROSECUTING ATTORNEYS — DISCRETION — LARCENY — SHOPLIFT-
    ING.
    The prosecutor is the chief law enforcement officer of the county
    and has the right to exercise broad discretion in determining
    under which of two applicable statutes a prosecution will be
    brought; a trial court erred in dismissing a larceny in a
    building charge because the offense constituted shoplifting.

2. CRIMINAL LAW — LEGISLATURE — CRIMES — PUNISHMENTS.
    It is the province of the Legislature to define crimes and prescribe
    punishments.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 50 Am Jur 2d, Larceny §§ 49, 50.
    63 Am Jur 2d, Prosecuting Attorneys §§ 25, 26.
    Validity, construction, and effect of statutes establishing shoplifting
        as specific criminal offense. 90 ALR2d 811.
[2] 21 Am Jur 2d, Criminal Law § 577.
[3] 73 Am Jur 2d, Statutes § 145.

DISSENT BY V. J. BRENNAN, J.

3. LARCENY — STATUTES — LEGISLATIVE INTENT — SHOPLIFTING.
It was not the intent of the Legislature to have the larceny in a building statute apply in shoplifting cases (MCL 750.360; MSA 28.592).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James Thompson,* Prosecuting Attorney (by *Thomas C. Nelson,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Walz, Fershee, Jordan & Stanton,* for defendant.

Before: CYNAR, P.J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Defendant was charged with larceny in a building, contrary to MCL 750.360; MSA 28.592. The circuit judge ordered that the charge of larceny in a building be dismissed because the offense for which defendant was charged "in this cause constitutes shoplifting and the Legislature did not intend the larceny in a building felony statute to be used in shoplifting cases". The prosecution claimed this appeal by right.

There is a precedential chain of case authority which establishes the validity of a prosecutor's discretion under these circumstances. See *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 683; 194 NW2d 693 (1972), and the cases cited therein. One of the cited cases, in turn, refers to another established principle of law, namely:

" 'It will be conceded that the legislature has the constitutional power to fix the minimum as well as the maximum of the punishment. It has also the exclusive

jurisdiction to define "crime" and prescribe the punishment. It is supposed to represent the sentiment and wishes of the people.' * * *

" 'The legislature is ordinarily the judge of the expediency of creating new crimes and prescribing penalties, whether light or severe, for prohibited acts.' " *People v Mire,* 173 Mich 357, 362; 138 NW 1066 (1912). (Citations deleted.)

Our Legislature determined that, amount of the value of the property notwithstanding, it shall be a felony to commit a larceny within a building. MCL 750.360; MSA 28.592. Therefore, where there is evidence to support the two requisite elements of this offense, as there was in this case, it is error for the circuit court to dismiss the charges. The fact that different penalties may result does not, of itself, deprive the prosecutor of the discretion to determine under which statute prosecution will be brought. See *United States v Batchelder,* 442 US 114; 99 S Ct 2198; 60 L Ed 2d 755 (1979).

In light of the recognition that it is the province of the Legislature to define crimes and prescribe punishments therefor, we note that the Final Draft of the Second Revised Criminal Code proposed for Michigan would retain felony status for the theft of property in a building, while empowering the court in its discretion to reduce the offense to a misdemeanor after conviction in an effort to minimize hardships such as those commented upon in *People v Carmichael,* 86 Mich App 418; 272 NW2d 667 (1978), *lv den* 406 Mich 949 (1979). See Committee Commentary to §§ 3205 to 3210, Michigan Second Revised Criminal Code, Final Draft—June 1979.

The orders of the lower court dismissing defendant's charge and remanding the cause to district court are reversed.

CYNAR, P.J., concurred.

V. J. BRENNAN, J., *(dissenting)*. I would affirm the order of the circuit court dismissing the felony charges here as the facts do clearly show a simple larceny charge at most. See *People v Carmichael,* 86 Mich App 418; 272 NW2d 667 (1978), *People v Feldman,* 87 Mich App 157; 274 NW2d 1 (1978), *People v Evans,* 94 Mich App 4, 11-12; 287 NW2d 608 (1979) *(dissent)*.