PEOPLE v BOLTON

Docket No. 49150. Submitted May 6, 1981, at Grand Rapids.—Decided December 2, 1981.

Patricia Bolton pled guilty to larceny in a building, Berrien Circuit Court, Julian E. Hughes, J. She appeals. *Held:*

1. The defendant was not entitled to a single trial on the charges of larceny in a building and assault and battery which arose out of a shoplifting transaction. The offenses for which she was charged and tried separately, while proximate in time, did not display a single intent and goal. The defendant's right against being placed twice in jeopardy was not violated.

2. The prosecutor had discretion to charge the defendant with larceny of property of a value less than $100 or larceny in a building. The grant of discretion does not violate a defendant's due process rights and is not reviewable on appeal absent a showing that the exercise of the discretion amounted to malfeasance or violated constitutional principles.

Affirmed.

1. CRIMINAL LAW — DOUBLE JEOPARDY — SAME TRANSACTION TEST.

Generally, charges against a criminal defendant alleging multiple offenses which arise out of the same transaction and which occurred in a continuous time sequence and displayed a single intent and goal should be joined in one trial; however, where multiple offenses, although proximate in time, do not display a single intent and goal, separate trials do not violate the defendant's right against being placed twice in jeopardy.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21 Am Jur 2d, Criminal Law § 278.

41 Am Jur 2d, Indictments and Information § 226 *et seq.*

Due process as violated by successive state criminal trials for single offense or for multiple offenses of the same character, committed simultaneously—Supreme Court cases. 2 L Ed 2d 2020.

[2, 3] 63 Am Jur 2d, Prosecuting Attorneys § 26.

[3] 4 Am Jur 2d, Appeal and Error § 102.

Appealability of order sustaining demurrer, or its equivalent, to complaint on ground of misjoinder or nonjoinder of parties or misjoinder of causes of action. 56 ALR2d 1238.

2. PROSECUTING ATTORNEYS — PROSECUTORIAL DISCRETION.

A prosecutor has discretion to determine whether to charge a criminal defendant with simple larceny or larceny in a building under the facts of a given case, and the exercise of that discretion does not violate the defendant's due process rights.

3. PROSECUTING ATTORNEYS — PROSECUTORIAL DISCRETION — APPEAL.

Review of a prosecutor's exercise of discretion in charging a criminal defendant generally is precluded on separation of powers grounds; such review is available only to determine whether the exercise of discretion amounted to malfeasance or violated constitutional principles.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Angela Baryames,* Assistant Prosecuting Attorney, for the people.

*Mardi Crawford,* Assistant State Appellate Defender, for defendant on appeal.

Before: MacKENZIE, P.J., and R. B. BURNS and J. N. O'BRIEN,* JJ.

PER CURIAM. Defendant pled guilty to larceny in a building, MCL 750.360; MSA 28.592. Defendant's plea was induced by the prosecutor's agreement to withdraw a supplemental information charging her as an habitual offender, MCL 769.11; MSA 28.1083. Defendant was sentenced to serve two to four years in prison and now appeals by right.

Defendant's statements at the plea-taking colloquy indicate that she committed the crime of larceny in a building by shoplifting some clothing from a store. Defendant concealed the clothing in her purse, paid for other items, and attempted to leave the store. Defendant was apprehended by a store security guard as she attempted to leave. The parties agree that, before defendant pled guilty in

* Circuit judge, sitting on the Court of Appeals by assignment.

the instant case, she was convicted of assault and battery, MCL 750.81; MSA 28.276, in a separate proceeding in district court. The assault and battery charge arose out of defendant's attempt to escape from the security guard and other store employees.

Defendant first argues that the constitutional prohibition of double jeopardy was violated here because she was not afforded the opportunity of a single trial on all charges arising out of the same transaction. See *People v White,* 390 Mich 245, 259; 212 NW2d 222 (1973). However, crimes arise out of the same transaction under the *White* rule when they are committed in a continuous time sequence and display a single intent and goal. *Crampton v 54-A Dist Judge,* 397 Mich 489; 245 NW2d 28 (1976). The two crimes at issue here did not display a single intent and goal. Defendant committed larceny in a building to acquire the clothing for her own use; she committed assault and battery in an effort to escape from her captors. See *People v Charles Johnson,* 62 Mich App 240; 233 NW2d 246 (1975), and *People v Grant,* 102 Mich App 368; 301 NW2d 536 (1980).

Defendant argues that the Legislature did not intend the larceny in a building statute to apply in shoplifting cases. Instead, defendant argues that she should have been charged with the misdemeanor of larceny of property of a value less than $100, MCL 750.356; MSA 28.588. Dicta supporting defendant's position appear in *People v Carmichael,* 86 Mich App 418; 272 NW2d 667 (1978). However, it is well-settled that the prosecutor has broad discretion to determine under which of two applicable statutes a prosecution will be instituted. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 673, 683; 194 NW2d 693 (1972). The over-

whelming weight of authority in this Court indicates that a prosecutor has discretion to charge a defendant with either of the two overlapping offenses of simple larceny and larceny in a building. See *People v Jackson,* 29 Mich App 654; 185 NW2d 608 (1971), *People v Graves,* 31 Mich App 635; 188 NW2d 87 (1971), *People v Bohm,* 49 Mich App 244; 212 NW2d 61 (1973), *People v Shepherd,* 63 Mich App 316; 234 NW2d 502 (1975), *People v Evans,* 94 Mich App 4; 287 NW2d 608 (1979), *People v Hart,* 98 Mich App 273; 296 NW2d 235 (1980), *People v Holmes,* 98 Mich App 369; 295 NW2d 887 (1980), and *People v Freeland,* 101 Mich App 501; 300 NW2d 616 (1980).

Defendant argues that this grant of discretion to the prosecutor to charge under either of two applicable statutes violates due process, citing *Coates v Cincinnati,* 402 US 611; 91 S Ct 1686; 29 L Ed 2d 214 (1971), *Papachristou v City of Jacksonville,* 405 US 156; 92 S Ct 839; 31 L Ed 2d 110 (1972), *Grayned v City of Rockford,* 408 US 104; 92 S Ct 2294; 33 L Ed 2d 222 (1972), and *Smith v Goguen,* 415 US 566; 94 S Ct 1242; 39 L Ed 2d 605 (1974). The statutes at issue in those cases were void for vagueness because they provided no standards for determining whether particular conduct was criminal. In contrast, here it was clear that at least two statutes prohibited defendant's conduct. The prosecutor was not given discretion to decide whether defendant's conduct was criminal; his discretion extended merely to determining under which statute, if any, to charge defendant. Such discretion has long been a fundamental attribute of our criminal justice system. Defendant has not cited, and we cannot find, any authority declaring such discretion to be constitutionally defective.

Finally, defendant argues that the prosecutor

abused his discretion by charging her with larceny in a building. As the conduct of a prosecution by the prosecutor is an executive act, review of a prosecutor's exercise of his charging discretion is generally precluded by the constitutional separation of powers. *Genesee Prosecutor, supra.* Such review is available only to determine whether the prosecutor's exercise of discretion amounted to malfeasance, *People v Curtis,* 389 Mich 698, 711; 209 NW2d 243 (1973), or violated constitutional principles, *Bordenkircher v Hayes,* 434 US 357, 365; 98 S Ct 663; 54 L Ed 2d 604 (1978). Neither occurred here.

Affirmed.